Argued and submitted November 22, 1991, affirmed March 11, 1992

Mary HODGES,
*Petitioner,*

*v.*

ADULT AND FAMILY SERVICES DIVISION,
*Respondent.*

(2-2101-AY9490-6; CA A68912)

826 P2d 1056

Arthur P. Klosterman, Salem, argued the cause for petitioner. With him on the brief was Whitehead & Klosterman, Salem.

Diane S. Lefkow, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Petitioner seeks review of an order of the Adult and Family Services Division (AFSD) denying her request for a hearing to contest its lien on settlement proceeds that she had received. We review for errors of law, ORS 183.482(8), and affirm.

Petitioner received public assistance from July, 1987, until October, 1989. She was injured in an automobile accident on July 27, 1988. AFSD paid her medical and other expenses. On October 19, 1989, she settled a personal injury claim against the other driver. AFSD asserted an $11,589.18 lien on the settlement proceeds. ORS 416.540.[1] Petitioner proposed that AFSD reduce the lien, ORS 416.600,[2] and it agreed. She paid the reduced amount, and AFSD canceled the lien. She then asked it to refund the amount that she had paid, but it refused.

Petitioner sought a hearing. She argued that AFSD should repay her in order to allow her to become self-employed, to pay travel expenses for therapy and to purchase child care. The hearings officer ruled that petitioner had no

---

[1] ORS 416.540(1) provides:

"Except as provided in subsection (2) of this section and in ORS 416.590, the Adult and Family Services Division shall have a lien upon the amount of any judgment in favor of a recipient [of assistance] or amount payable to the recipient under a settlement or compromise for all assistance received by such recipient from the date of the injury of the recipient to the date of satisfaction of such judgment or payment under such settlement or compromise."

AFSD asserted a lien of $7,796.36 for cash assistance from August 1, 1988, through October, 1989, and $3,792.82 in medical expenses. The hearings officer found that the lien should have been $432 less, because petitioner received no cash assistance in October, 1989.

[2] ORS 416.600 provides:

"When the Adult and Family Services Division determines that a recipient will incur additional medical, surgical or hospital expenses or that additional assistance will have to be given to the recipient after the date of satisfaction of judgment or payment under a settlement or compromise, the division may release any portion of its lien to the extent of such anticipated expenses and assistance."

A caseworker testified that the agency customarily asserts a lien on one-half of settlement proceeds, after deducting attorney fees and costs and outstanding medical bills. See ORS 416.540(2). AFSD asserted a lien on one-third of the proceeds. The caseworker testified that no statute, administrative rule or internal policy guided her on how much to reduce the lien.

statutory right to a hearing to contest the refusal to repay and concluded that it had no jurisdiction to conduct a hearing.

■ Petitioner argues that she was entitled to a contested case hearing, because AFSD rules provide for one. ORS 183.310.[3] She asserts that AFSD must provide a hearing, because it provides one when it reduces public assistance or food stamp grants, OAR 461-25-310(1)(c), when it fails to act on an application for public aid or denies, modifies or cancels it, *former* ORS 418.425, and when it affects a household's participation in a public assistance program. *Former* OAR 461-88-010. None of those applies here. Petitioner also argues that she is entitled to a contested case hearing because, under federal law, the lien affects her public assistance payments. 45 CFR § 205.10(5).[4] She is wrong. AFSD asserted its lien after her public assistance payments had ceased. It did not modify the amount of her payments.

■■ Petitioner also asserts that the refusal to provide a hearing denies her due process under Article I, section 10,[5] and the Fourteenth Amendment. After AFSD asserted its lien, petitioner negotiated a settlement of it. She claims that she still had a right to be heard "regarding her argument seeking release of the entire lien * * *." We disagree. Any due process claim she might have had regarding the assertion of the lien was waived when she voluntarily settled with AFSD.

Affirmed.

---

[3] ORS 183.310 provides, in part:

"(2)(a) 'Contested case' means a proceeding before an agency:

"(A) In which the individual legal rights, duties or privileges are required by statute or Constitution to be determined only after an agency hearing at which such specific parties are entitled to appear and be heard;

"* * * * *

"(D) Where the agency by rule or order provides for hearings substantially of the character required by ORS 183.415, 183.425, 183.450, 183.460 and 183.470."

[4] 45 CFR § 205.10(5) provides, in part:

"An opportunity for a hearing shall be granted to any applicant who requests a hearing because his or her claim for financial assistance * * * is denied, or is not acted upon with reasonable promptness, and to any recipient who is aggrieved by any agency action resulting in suspension, reduction, discontinuance, or termination of assistance * * *."

[5] Article I, section 10, is not a due process clause. It guarantees a remedy by due course of law for injuries to person, property or reputation. *State v. Hart*, 299 Or 128, 140, 699 P2d 1113 (1985); *Cole v. Dept. of Rev.*, 294 Or 188, 191, 655 P2d 171 (1982).