# IN THE OREGON TAX COURT

## John WELCH

*v.*

## UNIFIED SEWERAGE AGENCY
### and City of Cornelius

### (TC 3263)

John Welch appeared *pro se*.

Charles Corrigan, O'Donnell, Ramis, Crew & Corrigan, Portland, represented the City of Cornelius.

Loretta Skurdahl, Washington County Counsel, Hillsboro, represented defendant.

Preliminary ruling for plaintiff rendered December 29, 1992.

## CARL N. BYERS, Judge.

Plaintiff seeks a determination of the effect of Article XI, section 11b, of the Oregon Constitution (hereinafter section 11b) on storm drainage user charges imposed by defendants. Defendants move to dismiss plaintiff's complaint based on the following statutes:

> "The provisions of ORS 305.583, 305.585, 305.587 and 305.589 shall provide the *exclusive remedy* for determination of questions concerning the effect of the limits of section 11b, Article XI of the Oregon Constitution on taxes, fees, charges and assessments of units of government." ORS 305.580(1). (Emphasis added.)

> "*Ten* interested taxpayers may petition the Oregon Tax Court to determine the effect of the limits of section 11b, Article XI of the Oregon Constitution on any tax, fee, charge or assessment imposed by a unit of government. For purposes of this section, 'interested taxpayers' means persons who are subject to the tax, fee, charge or assessment in question." ORS 305.583(1). (Emphasis added.)

Plaintiff filed this proceeding without associating nine or more interested taxpayers. Defendants' motion seeks dismissal solely on that ground.

The court has considered the written and oral arguments of the parties but those arguments do not address the constitutionality of ORS 305.583. However, because the issue is a matter of substantial public concern, the court raises the issue on its own motion.

## ISSUE

Does ORS 305.583 violate either the Oregon or United States Constitution by requiring a taxpayer to associate at least nine other taxpayers in asserting a claim under section 11b?

■       Since there are substantial differences between the state and federal constitutions, the court must decide the state issues first.

> "[I]ssues of Oregon law, including issues under the Oregon Constitution, must be resolved before it can be decided whether the state's law fails to preserve a right that the national charter obliges every state to protect." *Cole v. Dept. of Rev.*, 294 Or 188, 190, 655 P2d 171 (1982).

## OREGON CONSTITUTION

The applicable provision of the Oregon Constitution is Article I, section 10. That provision states:

> "No court shall be secret, but justice shall be administered, openly and without purchase, completely and without delay and *every man shall have remedy by due course of law for injury done him in his person, property, or reputation.*"[1] (Emphasis added.)

The meaning and purpose of this provision is not entirely clear due to the antiquity of its roots. One commentator traces it to chapter 40 of the Magna Carta. He sees it as a guarantee of a legal remedy for certain wrongs and not as another form of "due process" clause. *See* Linde, *Without Due Process*, 49 Or L Rev 125, 138 (1970). Another commentator believes it originates with Coke's commentary on the Magna Carta and does provide for procedural due process. *See* Schuman, *Oregon's Remedy Guarantee: Article I, Section 10 of the Oregon Constitution*, 65 Or L Rev 35, 38, 61-66 (1986). Yet another commentator, in reviewing all 34 states with similar constitutional provisions, views the guarantee as a right to access civil courts. *See* Note, *The Right of Access to Civil Courts Under State Constitutional Law: An Impediment to Modern Reforms, Or A Receptacle of Important*

---

[1] The court assumes the constitution uses masculine nouns and pronouns in the generic sense and they are equally applicable to either gender.

*Substantive and Procedural Rights?*, 13 Rutgers L J 399 (1982).

Defendants' motion requires the court to focus on the "due course of law" language. That language has been analyzed by the Oregon Supreme Court.

> "Section 10 of article I of the Oregon constitution is a 'due process of law' clause. * * * This clause guarantees the enforcement of all recognized rights by due course of law." *Perozzi v. Ganiere*, 149 Or 330, 350, 40 P2d 1009 (1935).

## DEFERENCE TO LEGISLATURE

■ It is appropriate at this point to reflect on the deference due legislative decisions. A court should avoid, if possible, finding that a statute violates the due process requirements of the constitution. *Simons et ux v. Smith*, 229 Or 277, 366 P2d 875 (1961). A court is required to defer to legislative discretion where it can and is not to examine the wisdom of a legislative choice. *State ex rel Overhulse et al v. Appling*, 226 Or 575, 361 P2d 86 (1961); *Christian et al. v. La Forge*, 194 Or 450, 242 P2d 797 (1952). If possible, a court must apply an interpretation or construction that will uphold the constitutionality of a statute. *City of Portland v. Welch*, 229 Or 308, 364 P2d 1009, 367 P2d 403 (1961).

■ However, if a statute is not ambiguous, there is no need for construction. *Whipple v. Howser*, 291 Or 475, 632 P2d 782 (1981). Here the legislature has granted a remedy only if there are ten or more interested taxpayers. Defendants correctly contend that any lesser number would not qualify under the statute.[2]

## SECTION 11b REMEDIES

4. The property tax limits imposed by section 11b establish a constitutional boundary. When government hands reach across that boundary for more taxes, the exaction is an unlawful taking of property. The legislature has strictly limited a taxpayer's right to protect this constitutional boundary. Three of those limits are:

---

[2] There are other questions raised by the statute. For example, if one or more taxpayers withdraws after a petition is filed, does that invalidate the petition? However, it is not necessary for the court to address these issues.

(1) ORS 305.580 provides that the specified remedies for determining the effects of section 11b on a tax are the exclusive remedies. This precludes taxpayers from using other procedures such as ORS 305.275, ORS 306.115 and ORS 311.806 to determine the effects of section 11b on a tax.

(2) A relatively short statute of limitations requires taxpayers to file their petition within 60 days after the triggering acts. ORS 305.583(3).

(3) Except as to petitioners, any relief granted by a court is limited to prospective relief only. If a taxpayer is not a petitioner, the statute denies any refunds even though taxes exceeded the section 11b limits.

While these limitations may be viewed as stringent, they are nevertheless within the legislature's discretion and must be upheld by the courts. The sole question here is whether the "ten" in ORS 305.583 goes beyond the legislative prerogative.

## ATTRIBUTES OF SECTION 10

■ It is helpful to consider some of the attributes of Article I, section 10. First, and perhaps most important to this case, the provision is written in the *singular*. The relevant portion provides:

> "[E]very *man* shall have remedy by due course of law for injury done *him* in *his* person, property, or reputation." (Emphasis added.)

These words address the individual, his ownership, his person, his reputation. They assure the individual of a remedy for legal wrongs. They do not establish a group or organizational right, but an individual right.

Second, the word "every" makes the provision all *inclusive*. This attribute precludes divisions or classifications which would exclude some individuals from the guarantee. It also suggests that limitations or conditions on the exercise of this right should be strictly scrutinized.

Third, the provision is *mandatory* in nature. The "shall" does not permit or allow a diminishing of the right

guaranteed. This constitutional provision assures an individual of the right without fear that the legislature might eliminate or diminish that right.[3] It imposes an affirmative obligation on government to provide a "due course of law" by which the individual may seek his remedy. To the extent this implies a right of access to the courts, it obligates government to provide adequate courts which are available to the public.

■ What does this provision guarantee with regard to a taxpayer subject to taxation? It guarantees procedural due process.

> "It is the prevailing rule that if provision is made for notice to each property owner, and an opportunity given for him to be heard, at some stage of the proceedings, upon the question of whether his property shall be subject to some exaction, and if so how much, there is no taking of property without due process of law, or any infringement of Article I, Section[ ] 10 * * * [of the Oregon Constitution]." *Smith et al v. Hurlburt et al*, 108 Or 690, 701, 217 P 1093 (1923).

## REQUIREMENT VIOLATES OREGON CONSTITUTION

■ The court finds the word "ten" in ORS 305.583(1) unduly restricts individual rights guaranteed by Article I, section 10, of the Oregon Constitution. Property taxes are imposed on individual properties. They are payable by owners individually, not as collective obligations of groups of taxpayers. A taxpayer cannot compel others to join him or her in challenging the taxes assessed nor contest the taxes for others without their authorization. The requirement diminishes individual rights significantly, possibly depriving some taxpayers of any remedy. For various reasons, some property owners may be unable to find nine others willing to associate in a petition under ORS 305.583.

The underlying premise of procedural due process assures every individual of the right to notice and hearing.

> "We have described 'the root requirement' of the Due Process Clause as being 'that an individual be given an opportunity for a hearing *before* he is deprived of any significant

---

[3] The Oregon Supreme Court, in interpreting the provision, has held it is not intended to create vested rights in laws or to make the law unchangeable. *See Noonan v. City of Portland*, 161 Or 213, 88 P2d 808 (1939).

property interest.' " *Cleveland Board of Education v. Loudermill*, 470 US 532, 542, 105 S Ct 1487, 84 L Ed 2d 494 (1985) (quoting *Boddie v. Connecticut*, 401 US 371, 379, 91 S Ct 780, 28 L Ed 2d 113 (1971) (emphasis in original)).

## UNITED STATES CONSTITUTION

■ The court finds the "ten" requirement of ORS 305.583(1) also offends the Due Process Clause of the Fourteenth Amendment of the United States Constitution. The court will only briefly consider the essential concepts.

"[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 US 471, 481, 92 S Ct 2593, 33 L Ed 2d 484 (1972).

As noted above, we are concerned here with a private property interest and government taxation of that interest.

"This Court consistently has held that some form of hearing is required before an individual is finally deprived of a property interest. * * * The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.' " *Mathews v. Eldridge*, 424 US 319, 333, 96 S Ct 893, 47 L Ed 2d 18 (1976) (quoting *Armstrong v. Manzo*, 380 US 545, 552, 85 S Ct 1187, 14 L Ed 2d 62 (1965)).

■ Moreover, the United States Supreme Court has imposed an affirmative duty on the state to "provide procedural safeguards against unlawful exactions." *McKesson Corp. v. Florida Alcohol & Tobacco Div.*, 496 US 18, 36, 110 S Ct 2238, 110 L Ed 2d 17 (1990).

Application of these principles by the Oregon Supreme Court is in accord with these decisions. In *Tupper v. Fairview Hospital*, 276 Or 657, 661-62, 556 P2d 1340 (1976), the court stated:

"The fourteenth amendment to the United States Constitution imposes procedural due process constraints on governmental actions which deprive individuals of significant liberty or property interests. * * *

"Governmental deprivation of such a property interest must be accompanied by at least minimal procedural protections including some form of notice of the contemplated action and some sort of opportunity to be heard if that action is contested." (Citations omitted.)

ORS 305.583 does not provide a meaningful opportunity or manner by which an individual may protect his or her property rights under section 11b.

## CONCLUSION

The court finds the word "ten" in ORS 305.583(1) is inconsistent with and violates Article I, section 10, of the Oregon Constitution and the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Based on that finding, defendants' Motion to Dismiss must be denied. Now, therefore,

IT IS ORDERED that defendants' Motion to Dismiss is denied. Defendants shall have ten days from the date of this order to plead further.