# IN THE OREGON TAX COURT

### Dorothy SMITH
*v.*
## MULTNOMAH COUNTY
## BOARD OF COMMISSIONERS
### (TC 3329)

Gregory W. Byrne, Byrne, Barrow & Smith, Portland, represented plaintiff.

Sandra N. Duffy, Multnomah County Counsel, Portland, represented defendant.

Decision for defendant rendered March 2, 1993.

## CARL N. BYERS, Judge.

This matter is before the court on Cross-Motions for Summary Judgment. There is no dispute as to the facts.

Plaintiff owns property in Portland and was assessed property taxes for 1991-92. A portion of her taxes, $93.98, was assessed for Portland Development Commission urban renewal bonds. This amount was shown on the tax statement as outside the limitations imposed by Article XI, section 11b, of the Oregon Constitution (hereinafter section 11b). Plaintiff paid her property taxes on November 15, 1991.[1] On September 3, 1992, the Oregon Supreme Court in *City of Portland v. Smith,* 314 Or 178, 838 P2d 568 (1992), held that urban renewal bonds are not exempt from section 11b. On October 21, 1992, plaintiff made written request of defendant for a refund under ORS 311.806. Defendant failed to issue a refund and plaintiff filed her petition for Writ of Review in this court.

Plaintiff filed her claim for a refund with defendant under ORS 311.806. The relevant portion of that statute provides:

"(1)   The county governing body shall refund to a taxpayer, out of the refund reserve account provided in ORS 311.807, or the unsegregated tax collections account provided in ORS 311.385, taxes on property collected by an assessor or tax collector pursuant to a levy of the assessor or of any taxing district or tax levying body or pursuant to ORS 311.255, plus interest thereon as provided in ORS 311.812, in the following cases:

"* * * * *

"(c)   Whenever any person, through excusable neglect, or through an error subject to correction under ORS 311.205 pays taxes on property in excess of the amount legally chargeable thereon, and then only in the amount of money collected in excess of the amount actually due; * * *."

ORS 311.806 is a general refund statute that provides for refunds for several reasons, most of which are not

---

[1] Plaintiff claims that she is entitled to a refund of $93.98, plus interest from November 15, 1991. However, plaintiff received a three percent discount because she paid her taxes by November 15, 1991. *See* ORS 311.505(3)(b). Therefore, the court treats her claim as a request for a refund of $93.98 less three percent.

reflected in the above-quoted portion of the statute. Plaintiff claims a refund only on the grounds set forth in subsection (c). While plaintiff's contentions raise a number of issues, all of which are disputed by defendant, those issues are subservient to the broader question: Does ORS 305.580 preempt the general refund provisions of ORS 311.806?

ORS 305.580(1) provides:

"The provisions of ORS 305.583, 305.585, 305.587 and 305.589 shall provide the *exclusive remedy* for determination of questions concerning the effect of the limits of section 11b, Article XI of the Oregon Constitution on taxes, fees, charges and assessments of units of government." (Emphasis added.)

■ The legislature attempted to deal with questions raised under section 11b in a comprehensive way. It provided for petitions by interested taxpayers, ORS 305.583,[2] petitions by local governments concerning the taxes of other local governments, ORS 305.585, and petitions by a local government unit concerning its own taxes, ORS 305.589. ORS 305.587 sets forth the remedies that are available in connection with such petitions. Refunds are provided only for interested taxpayers who petition under ORS 305.583. *See* ORS 305.587. The court may order other relief it considers appropriate, but such relief "shall have prospective effect only." ORS 305.587(1)(b). No provision is made for refunds in connection with petitions under ORS 305.585 or ORS 305.589.

By these terms, the legislature has strictly limited the refunds which may be obtained when a tax is found to be within the limits of section 11b. Plaintiff reasons that if the legislature had intended such "stringent limitations" on refunds claimed because of the effects of section 11b, it could have and should have "said so clearly." The court agrees that much confusion could have been avoided by clear direction from the legislature. Nevertheless, this does not change the established statutory scheme.

---

[2] This court recently held that the ten interested taxpayer requirement of ORS 305.583 violates the remedy guarantee of Article I, section 10, of the Oregon Constitution and the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Welch v. Unified Sewerage Agency*, 12 OTR 359 (1993).

■ ■    Plaintiff acknowledges that "ORS 305.587(1)(a) authorizes the court to order refunds only to *petitioners* not to the public at large." Given this, plaintiff should recognize that if section 11b refunds are allowed under ORS 311.806, the refund limitations of ORS 305.587 become meaningless. If a governmental unit made a mistake in classifying its taxes with regard to section 11b, the mistake could result in widespread refunds. This could in turn disrupt the government unit's finances and result in substantial harm to the public. To avoid these consequences, the legislature may limit refunds when a law or a tax is declared invalid. *See* ORS 305.765 and *Ragsdale v. Dept. of Rev.*, 312 Or 529, 823 P2d 971 (1992). These strict limitations are consistent with the need for certainty of revenue for local government.

■    In summary, ORS 305.583, 305.585 and 305.589 establish procedures for taxpayers and units of government to obtain determinations of the effect of section 11b on taxes. In ORS 305.587, the legislature provided the limited remedies which would be afforded in such cases. These specific provisions preclude taxpayers from utilizing other general procedures provided by Oregon law for contesting taxes or obtaining refunds. Plaintiff's claim for a refund under ORS 311.806 runs contrary to this legislative scheme. Accordingly, the claim must be denied. Now, therefore,

IT IS ORDERED that plaintiff's Motion for Summary Judgment is denied, and

IT IS FURTHER ORDERED that defendant's Cross-Motion for Summary Judgment is granted.