Decision for defendant rendered October 13, 1980. *Page 423 
Plaintiff has appealed from the Department of Revenue's Opinion and Order No. VL 79-313, executed on May 21, 1979, which dismissed the appeal of plaintiff on the ground that the Department of Revenue had no jurisdiction to act in the appeal.
The facts of the case are the following:
Certain real property belonging to the Seventh Day Adventist Church was assessed for purposes of ad valorem taxation for the 1978-1979 tax year by the appropriate assessing official of Multnomah County. The assessment was appealed to the Multnomah County Board of Equalization which ordered a reduction in the assessed value. An appeal was taken from the board's order to the Department of Revenue by "Multnomah County, a home rule political subdivision of the State of Oregon." The department dismissed the appeal contending that it had no jurisdiction to act in the matter since the relevant Oregon statutes do not allow a county to appeal from an order of a county board of equalization but rather limit the appealing parties to an aggrieved taxpayer or a county assessor. The narrow and sole issue presented is whether or not Multnomah County was the proper party to bring the appeal.
In accordance with the authority set forth in the Oregon Constitution, Article VI, Section 10, the voters of Multnomah County enacted a home rule charter effective generally on January 1, 1967. Or Const, art VI, § 10, specifically and pertinently states, in part, the following:
 [1.] "* * * A county charter shall prescribe the organization of the county government and shall provide directly, or by its authority, * * * powers and duties of such officers as the county deems necessary. Such officers shall among them exercise all the powers and perform all the duties, as distributed by the county charter or by its authority, now or hereafter, by the Constitution *Page 424 
or laws of this state, granted to or imposed upon any county officer. * * *" (Emphasis added.)
[2.] In the above provision is found the analytical key which opens the way to a resolution of the issue presented. The officers provided by the county charter are mandated to "perform all the duties" which are granted to or imposed upon any county officer by the Constitution or laws of Oregon; and they must perform the duties as distributed to them by the county charter or by its authority. Thus, by state constitutional edict, a plenary authority and responsibility devolves upon the county officers to perform duties, the sources and substance of which are found in the Oregon Constitution, Oregon laws, and the county charter, together with the ordinances enacted thereunder. These sources will now be examined.
The Multnomah County charter orders the establishment of administrative departments, including a Department of Administrative Services. (Charter, § 6.20.) It further states that the Board of County Commissioners shall prescribe the functions of such administrative departments of the county and that the board, by majority vote, may change the functions of any of the departments from time to time, subject to exceptions not here relevant. (Charter, §§ 3.40 and 6.30 (1).) Additionally, with the affirmative concurrence of four or more commissioners (out of the five commissioners denominated by the charter), the board may establish additional administrative departments, abolish any such department, combine two or more departments into one, and separate departments so combined. (Charter, § 6.40 (1), (2), (3) and (4).)
Pursuant to Charter, §§ 2.20 and 5.10, the legislative power of Multnomah County is vested in and is exercisable only by the Board of County Commissioners through the passage of ordinances.
[3.] In the exercise of its ordinance power and in implementation of its charter directive to establish administrative departments and to prescribe their functions, the Board of County Commissioners enacted *Page 425 
Chapter 2.30, known as the Multnomah County Reorganization Ordinance. Among the departments so established was the Department of Administrative Services, as the charter required, and a function of that department, prescribed by the ordinance, was to "Provide services and perform duties imposed by state law for assessor and sheriff as tax collector; * * *." (Multnomah County Reorganization Ordinance, ch 2.30.400 (B).) The chief officer of the department was its director who, among other duties, had the responsibility to direct the performance of county functions within the appropriate department or office, and the director was aided by deputies or assistant directors in charge of department divisions. (Multnomah County Reorganization Ordinance, ch 2.30.010 (3)(a), (4).)
State law, in ORS 306.005(1), defines the assessor, in a county having a home rule charter, as follows:
 " 'Assessor' includes, in a county having a county charter, the individual or officer performing thereunder the duties imposed upon assessors with respect to ad valorem taxes by the laws of this state."
State law in the form of ORS 305.275(2) also provides in part the following:
 "A taxpayer or county assessor who is aggrieved by an order of a county board of equalization, may appeal from the order * * *."
A summation of the preceding constitutional, statutory, charter and charter ordinance provisions may be stated as follows: The Oregon Constitution directs that the county charter shall provide for the appointment of such officers as the county deems necessary, and further mandates that the officers so appointed shall perform all duties, as distributed by the charter or by its authority, which are imposed upon any county officer by the Constitution and laws of the state. In consonance with this constitutional mandate, the Multnomah County charter and ordinances thereunder did provide that the Department of Administrative Services, through its appropriate officers, should perform the duties imposed by state law upon the *Page 426 
assessor; a duty of state law imposed upon the assessor is that he may appeal from an order of the Multnomah County Board of Equalization; state law also stipulates that the assessor includes, in a county having a county charter, the individual or officer performing the duties of the assessor as delineated by state law; and the Oregon Constitution decrees that this officer, so named by the county under its charter authority, shall perform the duties imposed upon the assessor.
[4.] The inexorable conclusion to be deduced from the foregoing constitutional, statutory, charter and ordinance enactments is that the appealing party from an order of the Multnomah County Board of Equalization must be the Director of the Department of Administrative Services or his deputy or assistant director. This court so holds, since the department acting through its appropriate officer is given that appellate function by charter and ordinance and he is authorized and obligated to perform that function by force of both state statute and the state Constitution. Thus, "Multnomah County, a Political Subdivision of the State of Oregon" had no legal authority to bring the appeal. To hold otherwise would be to negate the carefully and explicitly crafted language and the integrated legal pattern of all of the foregoing legislation. In particular, if the position of the plaintiff were to be sustained, the enactment of ordinances would be a meaningless exercise and thus the efficacy of the charter itself would be devitalized.
Note should be taken of the constitutional language in the Oregon Constitution, Article VI, Section 10, enjoining the officers appointed under the aegis of the county charter to "perform all the duties * * * granted to or imposed upon any county officer * * *" by the Constitution or laws of this state. As this court wrote in Dept. of Rev. v. Co. ofMultnomah, 4 OTR 133, 137 (1970):
 "The word 'performing' is regularly used to indicate the person actually doing the work himself, as distinguished from the employer, contractor, or similar person *Page 427 
legally responsible to see that the undertaking is completed. Standard dictionary definitions stress the 'doer' as the 'performer,' not the person who commands the performance. * * *"
Additionally, ORS 306.005(1) states that " 'Assessor' includes, in a county having a county charter, the individual or officerperforming thereunder the duties imposed upon assessors * * * by the laws of this state." (Emphasis added.)
Multnomah County, a political subdivision of the State of Oregon, is not the individual or officer actually doing the assessor's work. That work is actually done by the Department of Administrative Services through its authorized officer.
The defendant's Order No. VL 79-313 is affirmed. Neither party shall be awarded costs. *Page 428