IN THE OREGON TAX COURT
REGULAR DIVISION

John HARELSON,
Josephine County Tax Collector,
*Plaintiff,*

*v.*

Michael L. SCHNEYDER,
Josephine County Tax Assessor,
*Defendant,*

*and*

Frank G. DINKEL
and Carrie A. Dinkel,
*Intervenor-Defendants,*

*and*

MC DI YO Enterprises,
an Oregon Partnership,
*Intervenor-Defendant.*

(TC 4582)

Ben Freudenberg, Grants Pass, argued the cause for Plaintiff.

Pat Wolke, Grants Pass, argued the cause for Defendant.

Frank C. Rote, III, Grants Pass, argued the cause for Intervenor-Defendants (the Dinkels) and Intervenor-Defendant (the partnership).

Decision rendered January 7, 2003.

## HENRY C. BREITHAUPT, Judge.

In this case, the Josephine County Tax Collector (Plaintiff) seeks a declaration from the court that the real property account of Intervenor-Defendants, Frank and Carrie Dinkel (the Dinkels), and the improvements account of Intervenor-Defendant, Mc Di Yo Enterprises, an Oregon Partnership (the partnership), are commonly owned. Additionally, Plaintiff seeks supplemental relief in the form of an order from the court compelling the Josephine County Tax Assessor (Defendant), to combine the separate real property tax account and improvements tax account into a single property tax account.

The court, on its own motion, raised the question of whether the doctrine of primary jurisdiction should be invoked and the proceeding in the court be stayed until the Oregon Department of Revenue (the department) has the first opportunity to review Plaintiff's request. For the reasons stated below, the court invokes the doctrine of primary jurisdiction and defers further consideration of the case pending action by the department.

## FACTS

On January 14, 2002, Plaintiff filed suit in the Magistrate Division seeking an order compelling Defendant to combine the tax account for real property at 110 Morgan Lane, Grants Pass, Oregon, standing in the name of the Dinkels, with the tax account for improvements at the same address, standing in the name of the partnership.

Plaintiff argues there is common ownership of the property in the real property tax account of the Dinkels and the property in the improvement tax account of the partnership. In effect, Plaintiff requests a declaration from the court of certain of the legal rights of the parties with respect to the real property and improvements. Such a declaration would be in the nature of a declaratory judgment pursuant to ORS 28.010.[1]

A suit for declaratory judgment must be heard by a court of record pursuant to ORS 28.010.[2] Because the Magistrate Division is not a court of record, the case was specially designated to the Regular Division by Order of the Court on July 25, 2002. *See generally* ORS 305.430(1); TCR 1 C(1)(a). The Regular Division of the Oregon Tax Court is empowered to issue declaratory judgments because it "[i]s a court of record and of general jurisdiction" and "[h]as the same powers as a circuit court." ORS 305.405(1), (2).

---

[1] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) are to 2001.

[2] In relevant part, ORS 28.010 provides:

"Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed."

Based on the common ownership argument, Plaintiff also seeks an order of the court compelling Defendant to combine the separate real property tax account and improvements tax account into a single property tax account. Plaintiff apparently believes that combining the accounts will improve his position for collection of delinquent taxes owed on the improvements tax account. Such an order would be in the nature of supplement relief. *See* ORS 28.080.[3]

Defendant objects to Plaintiff's request for declaratory and supplemental relief on various grounds including disagreement over whether the property is in fact commonly owned and, even if there is common ownership, whether the property may be lawfully combined into one tax account when the improvements tax account is delinquent. Both the Dinkels and the partnership object to Plaintiff's requests.

## ANALYSIS

The issue presented is whether the court should invoke the doctrine of primary jurisdiction, thereby conferring on the department the initial determination of Plaintiff's request that the separate accounts for the real property and improvements to property at 110 Morgan Lane, Grants Pass, Oregon, be combined into a single tax account.

Under current procedures, a question of law or fact is typically brought to the Oregon Tax Court for review **after** the department or a county taxing authority has taken some action under the revenue laws of the state.[4] That normal course of review is pursuant to the clear statutory pathways for appealing matters relating to state property or income taxes. *See, e.g.,* ORS 305.501(1) (relating to the procedure for hearing appeals filed in Oregon Tax Court); ORS 305.265 (relating to the procedures for appealing from a deficiency

---

[3] In relevant part, ORS 28.080 provides:

"Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper."

[4] *Former* ORS 305.275(4) required that all administrative remedies before the department be exhausted before an appeal would be heard in the Oregon Tax Court. However, the exhaustion requirement was repealed as part of the legislation creating the Magistrate Division of the Oregon Tax Court. *See* Or Laws 1995, ch 650, § 7.

notice); and ORS 309.100 (relating to the procedures for filing petitions with the county board of property tax appeals).

The question presented to the court in this case, however, has not arisen in the usual way as a response by a taxpayer to government action. Rather, the question is the result of a dispute between two county property tax officials about the proper administration of two property tax accounts. The court on its own motion raised the question of whether the doctrine of primary jurisdiction should be invoked and the proceeding in the court be stayed until the department has reviewed Plaintiff's request.

■    As discussed by the Oregon Supreme Court in *Boise Cascade Corp. v. Board of Forestry*, 325 Or 185, 191-92, 935 P2d 411 (1997), there are two types of primary jurisdiction. Statutory primary jurisdiction "exists when a statute 'specifically requires courts to apply the primary jurisdiction doctrine to a class of disputes.' " *Id.* (quoting Kenneth Culp Davis and Richard J. Pierce, Jr., II, *Administrative Law Treatise*, § 14.1, 276 (3d ed 1994)) (hereafter Davis and Pierce). Primary jurisdiction may also be the result of judicial invocation.

■■    Where primary jurisdiction is judicially invoked, the judge has determined that the "administrative agency, rather than a court of law, initially should determine the outcome of a dispute or one or more issues within that dispute that fall within that agency's statutory authority." *Boise Cascade*, 325 Or at 192. The decision to judicially invoke the doctrine of primary jurisdiction is influenced by "the belief that a previous agency disposition of one or more issues before the court will assist the court in resolving the case before it." *Id.* Although courts vary in their approaches to invoking the doctrine of primary jurisdiction, the Oregon Supreme Court noted with agreement three factors cited in one treatise on administrative law to be considered:

> " '(1) the extent to which the agency's specialized expertise makes it a preferable forum for resolving the issue, (2) the need for uniform resolution of the issue, and (3) the potential that judicial resolution of the issue will have an adverse impact on the agency's performance of its regulatory responsibilities.' "

*Id.* (quoting Davis and Pierce § 14.1 at 272). In determining whether to invoke the doctrine of primary jurisdiction here, the court will consider those factors and the statutes that describe the authority of the court and the department to respond to Plaintiff's requested relief.

■     Subject to appellate review, the Tax Court is "the sole, exclusive and final **judicial** authority for the hearing and determination of all questions of law and fact arising under the tax laws of the state" with certain exceptions as provided by statute. ORS 305.410(1) (emphasis added). Although the Tax Court, subject to appellate review, is the exclusive judicial institution for determination of tax questions, the court is not alone in having some responsibility for questions related to tax matters in the state.

The department has supervisory responsibilities as set forth in ORS 306.115(1):

> "The Department of Revenue **shall exercise general supervision and control over the system of property taxation throughout the state**. The department may do any act or give any order to **any public officer or employee that the department deems necessary in the administration of the property tax laws** so that all properties are taxed or are exempted from taxation according to the statutes and Constitutions of the State of Oregon and of the United States."

(Emphasis added.) Thus, the legislature has charged the department with the responsibility of ensuring "that all taxable property is taxed in accordance with the law." *State ex rel D.R. Johnson Lumber Co. v. Dept. of Rev.,* 14 OTR 186, 191 (1997). The statute clearly reflects the significant role of the department in dealing with "public officers" such as those acting in this proceeding.

■     The legislature has further imposed a duty on the department to construe the tax and revenue laws of the state and a requirement that officers administering the tax and revenue system consult with the department.

> "The Department of Revenue shall construe the tax and revenue laws of this state whenever requested by any interested person or by any officer acting under such laws and shall instruct such officers as to their duties under such

laws. **Such officers shall submit all questions arising with them which affect the construction of tax and revenue laws of the state to the department.**"

ORS 305.110 (emphasis added). Both the county tax assessor and county tax collector are officers performing duties under the tax laws of the state. *See* ORS 306.005.[5] Therefore, as provided in the text of ORS 305.110, they are required to submit questions to the department.

The question presented to the court by the parties brings to light the important role the department plays in the overall administration of the property tax system. The question of how, when, and whether two property tax accounts can be combined into one account falls, at least initially, within the legislative charge that the department exercise "general supervision and control" over the property tax system. ORS 306.115(1).[6]

Pursuant to the supervisory charge of ORS 306.115(1), the department has the regulatory responsibility and should be considered to have developed the specialized expertise to resolve questions related to the administration of the property tax system of the state. The legislature has vested the department with the power and duty to supervise and control the property tax system of the state. Under ORS 305.110, the public officials involved in this case should first approach the department with questions relating to the administration of the tax and revenue laws of the state that may arise among or between them, such as the question presented to the court by Plaintiff.

## CONCLUSION

It is the conclusion of the court that the questions presented by Plaintiff's request for declaratory judgment and

---

[5] "Assessor" and "Tax Collector" are defined in ORS 306.005(1) and (5) respectively as "performing * * * duties * * * with respect to ad valorem taxes by the laws of this state."

[6] Matters involving tax accounts and the contents of tax accounts have taken on added importance under *Flavorland. See Flavorland Foods v. Washington County Assessor*, 334 Or 562, 54 P3d 582 (2002) (holding that the voters intended the phrase "each unit of property in this state" in Article XI, section 11(1)(a), of the Oregon Constitution to refer to all the property in a property tax account).

supplemental relief should first be considered by the department pursuant to the statutory authority of ORS 305.110 and ORS 306.115(1).[7] Now, therefore,

IT IS ORDERED that this case is held in abeyance pending action by the department, and

IT IS FURTHER ORDERED that the Tax Court retains jurisdiction to hear matters arising out of any action by the department, subject to any jurisdictional limitations of the statutes. Each party to bear its own costs.

---

[7] This conclusion is supported both by the concept of statutory primary jurisdiction and the standards for judicial invocation of primary jurisdiction.