IN THE OREGON TAX COURT
REGULAR DIVISION

DOUGLAS COUNTY,
*Plaintiff,*

*v.*

Gene K. SMITH,
*Defendant.*

(TC 4750)

Paul E. Meyer, Douglas County Counsel, Roseburg, filed the motions for Plaintiff (the county).

Gene K. Smith, Defendant (taxpayer) filed the motion and a response *pro se*.

Decision for Defendant rendered March 9, 2006.

**HENRY C. BREITHAUPT, Judge.**

## I. INTRODUCTION

This case involves a claim for declaratory judgment and a motion for judgment on the pleadings brought by Plaintiff (the county), and a motion to dismiss brought by Defendant (taxpayer).

## II. FACTS

This case began when the county filed, directly with the Regular Division of the court, a complaint seeking declaratory judgment against taxpayer. *See* Tax Court Rule (TCR) 1 C(1)(a) (requiring petitions or complaints for declaratory judgment to be filed directly in the Regular Division); *Harelson v. Schneyder*, 16 OTR 123, 125 (2003) (same); *Irwin v. Dept. of Rev.*, 15 OTR 24, 27 n 2 (1999) (same). Specifically, the county sought a judgment declaring that certain property owned by taxpayer and located in the county is subject to property taxation, and that two documents signed by taxpayer (a Declaration of Land Patent and a Quitclaim Deed) have no legal effect. The county alleged in its complaint that taxpayer had not sought an exemption for the property, that taxpayer "does not want to pay taxes on the property," and that taxpayer had sent the county a letter stating that its "attempt to place said property on your tax rolls without jurisdiction and authority to do so may constitute a trespass and may justify a lawsuit against the County."

Taxpayer responded with a document titled Reply to Complaint and Motion to Dismiss. In that document, taxpayer stated that the county was incorrect in alleging that he does not wish to pay taxes and that, instead, "all taxes in relation to the property in question have been and continue to be timely paid by the taxpayer," as evidenced by an attached receipt. Taxpayer characterized the letter he had sent to the county as "based on a misunderstanding of the tax status related to said property." Specifically, taxpayer indicated that he had received no property tax assessment by May 2005, that the county had subsequently told his wife that no taxes were owed, and that he had therefore concluded that the county had removed the property from the tax rolls. Accordingly, he interpreted the next assessment he received

as "an attempt to put the property back on the tax rolls." Taxpayer stated that he was unaware until after the county filed its complaint in this action that his sister had paid the property taxes, and that was the reason why no taxes were owed. Taxpayer also made certain arguments regarding the legal status of the property, and of the Declaration of Land Patent and Quitclaim Deed he had signed, but ultimately stated that status did not preclude him from obligating himself to pay property taxes, and that he has "no question regarding [his] property tax obligation." Accordingly, taxpayer moved to dismiss under TCR 21 A(8) (failure to state ultimate facts sufficient to constitute a claim), arguing that the county's motion was moot. Taxpayer also argued that the court has no jurisdiction to consider what legal effect the Declaration of Land Patent and Quitclaim Deed have, if any, because they are not related to taxation. *See* ORS 305.410 (limiting jurisdiction of the court to tax matters).[1]

In response, the county filed a motion for judgment on the pleadings under TCR 21 B, in which it requested the court to enter judgment declaring that the Declaration of Land Patent and Quitclaim Deed have no legal effect, and that the property is subject to property taxation "whether defendant agrees to make it taxable or not."

■ Although taxpayer styled his motion to dismiss as one brought under TCR 21 A(8), its arguments, particularly those related to mootness and the court's lack of jurisdiction, sound in justiciability. *See Yancy v. Shatzer*, 337 Or 345, 349, 97 P3d 1161 (2004) ("Encompassed within the broad question of justiciability are a constellation of related issues, including standing, ripeness, and mootness."). Indeed, ORS 28.020, the declaratory judgment statute, contains a jurisdictional requirement of justiciability. *Beck v. City of Portland*, 202 Or App 360, 365, 122 P3d 131 (2005). Accordingly, where the parties file no motion regarding jurisdiction, the court may and should always consider questions of jurisdiction on its own motion. *See* TCR 21 G(4) ("If it appears by motion of the parties or otherwise that the court lacks jurisdiction over the subject matter, the court shall dismiss the action.").

---

[1] All references to the Oregon Revised Statutes (ORS) are to the 2003 edition.

■      Because jurisdictional requirements are properly raised in a motion to dismiss brought under TCR 21 A(1) (lack of subject matter jurisdiction), *cf. Beck*, 202 Or App at 364-65 (so holding for ORCP 21 A(1), the counterpart to TCR 21 A(1) in the Oregon Rules of Civil Procedure), the court need not limit itself to the facts alleged in the complaint, accepting those facts as true, as it would have to do with a motion to dismiss brought under TCR 21 A(8). *Hoyt Street Properties LLC v. Dept. of Rev.*, 18 OTR 313, 314 n 1 (2005). Instead, the court will treat taxpayer's motion as if it had been brought under TCR 21 A(1), which allows the court to consider, in addition to the complaint, "matters outside the pleading, including affidavits, declarations and other evidence." TCR 21 A; *cf. Beck*, 202 Or App at 367-88 (so holding for ORCP 21 A(1)).

## III.   ISSUE

Does the record in this case present a justiciable controversy?

## IV.   ANALYSIS

Under the doctrine of justiciability, the court "cannot issue declaratory judgments in a vacuum [but] must resolve an actual or justiciable controversy," that is, a controversy involving "a dispute based on present facts rather than on contingent or hypothetical events." *TVKO v. Howland*, 335 Or 527, 534, 73 P3d 905 (2003); *see also Wynne v. Dept. of Rev.*, 18 OTR 306, 309-10 (2005). The difference between present facts and hypothetical future events has been described as that between a decision that will have "practical effects" on a party's rights and one in which a party has only "an abstract interest in the correct application of the law." *Orr v. East Valley Water District*, 203 Or App 430, 437, 125 P3d 834 (2005). "As a result, declaratory relief is available only when it can affect *in the present* some rights between the parties." *TVKO*, 335 Or at 535 (emphasis in original; internal quotation marks and brackets omitted); *see also Wynne*, 18 OTR at 309-10.

In the present matter, the county ultimately seeks a declaration that taxpayer's property is subject to property

taxation.[2] However, taxpayer stated in his Reply to Complaint and Motion to Dismiss that "all taxes in relation to the property in question have been and continue to be timely paid by the taxpayer." The county did not dispute that statement in its response to taxpayer's motion; indeed, the county acknowledged that "the tax bill receipt attached to defendant's motion to dismiss indicates that the taxes were paid on the property" after the county had filed its complaint but before taxpayer filed his motion to dismiss. It appears, therefore, that all property taxes currently due on taxpayer's property have been paid.

■ That being the case, the only question that remains is whether the property will be subject to taxation in the future. No one can now know the answer to that question. It will depend on the ownership and use of the property. ORS ch 307. If taxpayer or someone else pays any and all taxes levied against the property, then the county will have no claim.[3] If all taxes are not paid, then the county will have a remedy, but not before.[4] Accordingly, the question is not related to facts actually present but rather only to hypothetical future events. *See TVKO*, 335 Or at 534. Because the court can craft no ruling that would have a practical effect on either party's

---

[2] If the court makes such a declaration, then a second declaration stating that the Declaration of Land Patent and Quitclaim Deed have no legal effect, would not be necessary, because, according to the county, their only function is to render taxpayer's property exempt from such taxation.

[3] Regardless of how taxpayer views the legal status of his property, he indicated in his Reply to Complaint and Motion to Dismiss that that status does not preclude him from paying property taxes. Moreover, it is not necessary for the court to declare that the property is subject to property taxation "whether defendant agrees to make it taxable or not," because taxpayer stated that the county was wrong to think that he did not wish to pay property taxes. The county has no interest in taxpayer's feelings on property taxes, but rather only in whether it receives the taxes owed it on the property.

[4] Unless special circumstances exist or arise, the remedy will not be against a taxpayer but rather through foreclosure under ORS chapter 312 on a lien placed on the property. *See City of Salem v. Marion County*, 171 Or 254, 137 P2d 977 (1943) (stating that taxes on property are "a lien on [the property], but not a personal liability of the owner of that property"). *But see* ORS 311.420 (stating that owners of real property are personally liable for substantially dissipating, removing, or destroying the value of the property); ORS 311.455 (stating that owners of personal property are personally liable for taxes on the property); ORS 311.655 (stating that certain utility and corporate owners of property are personally liable for taxes on all property they own).

*present* rights, it cannot grant declaratory judgment.[5] *See id.* at 535.

## V.  CONCLUSION

The court concludes that this case does not present a justiciable controversy. Now, therefore,

IT IS ORDERED that Defendant's Motion to Dismiss is granted with prejudice; and

IT IS FURTHER ORDERED that Plaintiff's Motion for Judgment on the Pleadings is denied.

---

[5] The court stresses, however, that its ruling is premised merely on the procedural posture of this case and is not an endorsement of taxpayer's substantive claims. Because the court must dismiss the case, it has no occasion to review or rule on those claims.