I. INTRODUCTION
This case comes before the court on a motion to dismiss filed by Defendant (the department).
 II. FACTS
Plaintiffs (taxpayers) filed a complaint that does not indicate in the caption who the plaintiffs are and that does not state a claim for relief. The complaint is, however, signed by taxpayers, and it states that this is an income tax case and that the relevant tax year is 2004. Under ORS 305.419(1), in income tax cases, "the tax assessed, and all penalties and interest due, shall be paid to the department on or before the filing of a complaint with the regular division of the Oregon Tax Court."[1] The only exception to that obligation is found in *Page 86 
ORS 305.419(3), which provides that a taxpayer for whom such payment "would be an undue hardship," may instead "file an affidavit alleging undue hardship with the complaint." In this case, the complaint includes an allegation that taxpayers have "paid any taxes, penalties, and interest Defendant claims is owing for such tax years." Taxpayers did not file with the complaint an affidavit alleging undue hardship.
The department moved to dismiss taxpayers' complaint on several grounds. First, the department argues that taxpayers have not paid the assessed taxes, penalties, and interest, and that, accordingly, their complaint must be dismissed. See LefflerIndustries v. Dept. of Rev., 299 Or 481, 486, 704 P2d 97 (1985) (holding that, under ORS 305.419(1), "payment of the tax due was a prerequisite to the Tax Court's ability to hear the case");Lowry v. Dept. of Rev., 15 OTR 221 (2000) (same). Second, the department argues that taxpayers' complaint must be dismissed because it fails to identify the plaintiffs in the caption. See
ORS 305.560(1)(c)(A) ("The complaint shall be entitled in the name of the person filing the same as plaintiff * * *."); Mult.Co. v. Dept. of Rev., 8 OTR 422 (1980) (dismissing a case where the proper plaintiff had not filed the complaint). Finally, the department argues that taxpayer's complaint must be dismissed because it fails to state a claim for relief. See ORS305.560(2) (identifying what a complaint must include); TCR 18 A(1) (stating that a pleading asserting a claim for relief shall contain "[a] plain and concise statement of the ultimate facts constituting a claim for relief without unnecessary repetition"); TCR 21 A(8) (allowing for dismissal where there is a "failure to state ultimate facts sufficient to constitute a claim").
The court examines each issue in turn, although it notes the department's general failure in this case to specify which provisions of TCR 21 support the various grounds for dismissal asserted in its motion. That is unfortunate both because such specification is a great aid to the court's review and because the different provisions of TCR 21 entail different scopes of review, which can affect the outcome of a case. See DouglasCounty v. Smith, 18 OTR 450, 452 (2006) (so illustrating). *Page 87 
 III. ISSUE Should taxpayer's complaint be dismissed? IV. ANALYSIS
1. The department's motion, as it relates to taxpayers' asserted failure to pay the assessed taxes, penalties, and interest on or before filing their complaint in this division, must be construed as a motion brought under TCR 21 A(1) (lack of jurisdiction over the subject matter). See Leffler Industries,299 Or at 483 (holding that failure to comply with ORS 305.419 is a jurisdictional defect); Douglas County, 18 OTR at 452
(holding that "jurisdictional requirements are properly raised in a motion to dismiss brought under TCR 21 A(1)"). Accordingly, the court may "consider, in addition to the complaint, `matters outside the pleading, including affidavits, declarations and other evidence.'" Douglas County, 18 OTR at 453 (quoting TCR 21 A).
2-4. Here, the department has submitted various exhibits, which, it claims, support its contention that taxpayers have not complied with ORS 305.419. None of those exhibits, however, is authenticated by an affidavit, declaration, or testimony; neither are the exhibits self-authenticating under ORS 40.510. Accordingly, they cannot be deemed evidence, which the court may consider in ruling on the department's motion. See ORS40.505(1) (stating that authentication is "a condition precedent to admissibility"). Additionally, at the case management conference in this case, Plaintiff Patsy Richards admitted that she, indeed, had not paid the assessed taxes, penalties, and interest. That statement, however, was not made under oath or affirmation, and, therefore, also fails to qualify as authenticated evidence, which the court may consider here. See
ORS 40.505(2)(a) (defining authenticated evidence to include "[t]estimony by a witness with knowledge that a matter is what it is claimed to be"); ORS 40.320(1) (requiring that testimony be under oath or affirmation). The court is left, then, with the statement in taxpayers' complaint that they have paid all taxes, interest, and penalties due to the department. That allegation satisfies the requirement of ORS 305.419, at least for purposes of a motion to dismiss where there is no contrary assertion in evidence. In the end, as in White I v. Dept. of Rev.,19 OTR 47, *Page 88 
49 (2006) the court is left without any evidence on which it can rely to rule in favor of the department. The court must therefore deny the department's motion as it relates to taxpayers' asserted failure to comply with ORS 305.419.[2]
5. The department also attacks taxpayers' complaint for failure to identify the plaintiffs in the caption, as is required by ORS305.560(1)(c)(A). The court construes that aspect of the department's motion as being brought under TCR 21 A(6) (party asserting the claim is not the real party in interest). The court further notes that this is not the typical TCR 21 A(6) case, in that it does not involve a situation where the named plaintiff is the wrong plaintiff. See Mult. Co., 8 OTR at 423 (dismissing a case where a county, and not its assessor, filed the complaint). Instead, this case involves a situation where there is no named plaintiff at all. Nonetheless, where there is no named plaintiff, there is certainly no correct plaintiff, and dismissal under TCR 21 A(6) is warranted. In this case, however, it was obvious to the department who the plaintiffs were, given the presence of taxpayers' signatures at the bottom of the complaint. No injury or prejudice came to the department as a result of taxpayers' failure to correctly identify themselves in the caption of the complaint. The court therefore grants leave to taxpayers to file an amended complaint. TCR 21 A ("If the court grants a motion to dismiss, the court may enter judgment in favor of the moving party or grant leave to file an amended complaint.").
Lastly, the department moves for dismissal under TCR 21 A(8) (failure to state ultimate facts sufficient to constitute a claim). In reviewing a motion to dismiss under TCR 21 A(8), the court's review is limited to "the facts alleged in the complaint, accepting those facts as true." Douglas County, 18 OTR at 453. Taxpayers' complaint states that the *Page 89 
department "either assessed additional income taxes, penalties, and interest against Plaintiff(s) or denied Plaintiff's(s') claim for refund for the tax year(s) 2004." It also states that taxpayers appealed to the Magistrate Division, and that a magistrate issued a written decision, a copy of which was attached to the complaint. Finally, as relevant to the department's TCR 21 A(8) argument, the complaint states: "The Magistrate's decision is in error because" that sentence was left unfinished, with only blanks following the word "because."
6, 7. The Supreme Court has held in relation to ORCP 18 A, the circuit court counterpart to TCR 18 A, that "whatever the theory of recovery, facts must be alleged which, if proved, will establish the right to recover." Davis v. Tyee Industries,Inc., 295 Or 467, 479, 668 P2d 1186 (1983). That means that the complaint must contain factual allegations that would establish each of the elements of the prima facie case for a claim for relief. See id. at 476-77 (so illustrating); Moore v. Willis,307 Or 254, 257, 767 P2d 62 (1988) (same). Those allegations may even be vague and still survive a motion to dismiss. Eduardo v.Clatsop Community Resource, 168 Or App 383, 386, 4 P3d 83
(2000). However, pure legal conclusions are not sufficient unless they are backed up by the facts, which, if true, would prove them. See Huang v. Claussen, 147 Or App 330, 332, 936 P2d 394
(1997).
Taxpayers' complaint contains only the following relevant factual allegations: that they were overtaxed; that they appealed to the Magistrate Division; and that the magistrate issued a written decision. The complaint does not state why the magistrate's decision was wrong or how taxpayers were overtaxed, or even by how much they were overtaxed. Consequently, the court can come to no conclusion other than that taxpayers have failed to state ultimate facts sufficient to constitute any claim for relief. There is simply no basis in the complaint for the court or the department to know which legal theory or theories taxpayers are pursuing or which alleged facts support their theory or theories. The court therefore grants the department's motion. However, the court grants taxpayers leave to file an amended complaint in this matter. *Page 90 
 V. CONCLUSION
The court concludes that there is no basis in the pleadings for the conclusion that taxpayers did not timely pay the full amount of tax, interest, and penalties owed the department. The court also concludes that taxpayers' complaint is otherwise defective, but that taxpayers shall have an opportunity to amend their complaint. Now, therefore,
IT IS ORDERED that Defendant's Motion to Dismiss is denied as to Defendant's TCR 21 A(1) argument; and
IT IS FURTHER ORDERED that Defendant's Motion to Dismiss is granted as to Defendant's TCR 21 A(6) and TCR 21 A(8) arguments; and
IT IS FURTHER ORDERED that Plaintiffs have until June 16, 2006, to file an Amended Complaint which complies with this order and all applicable laws and rules.
[1] All references to the Oregon Revised Statutes (ORS) are to the 2005 edition.
[2] As in White, it may be possible that the department could succeed with a motion for summary judgment accompanied by an affidavit, declaration, or other authenticated evidence.19 OTR at 453. The court also acknowledges that, in the past, it has granted motions to dismiss in circumstances similar to those present here. See, e.g., Newton v. Clackamas County Assessor,17 OTR 348 (2004); Slack Durmaz v. Dept. of Rev., 18 OTR 94
(2004). The issue of the authentication of evidence was not raised in those cases by the parties, however, and the court failed to correctly raise the issue itself. Regardless, the court wishes to make clear that, in this and future cases, the rule ofWhite must be followed. *Page 91