DECISION OF DISMISSAL
This matter is before the court on Defendant's Motion to Dismiss (Motion) this appeal for "failure to state a claim or request any relief from the court[,]" or, alternatively, because "the Department of Revenue is not a proper defendant in this case." (Def's Mot to Dismiss at 1.)
Plaintiff's Complaint, filed June 14, 2011, concerns residential property identified as Account 10600781 for the "2010; 2011" tax year. (Ptf's Compl at 1.) Plaintiff provided a property tax statement for the Account appealed; however, she is not the named owner on the property tax statement. Plaintiff's Complaint does not identify the relief requested or state how the property tax statement is in error. On July 13, 2011, Defendant filed its Motion. A case management conference was held in this matter on August 29, 2011, during which the parties agreed to a schedule to file additional arguments regarding Defendant's Motion. That schedule was memorialized in a Journal Entry filed August 30, 2011.
Plaintiff agreed to file a written response to Defendant's Motion by October 13, 2011. As of the date of this Decision, the court has received no further communication from Plaintiff. On October 27, 2011, Defendant filed a Reply stating that "Plaintiff has failed to respond to [Defendant's Motion] and her appeal should be dismissed for the reasons previously articulated in [Defendant's] Motion." (Def's Reply at 1.) *Page 2 
Defendant advances several arguments in support of its Motion. Citing ORS 305.275(1)(a) and Tax Court Rule-Magistrate Division (TCR-MD) 1, Defendant first argues that "[b]y filing a complaint that is essentially blank, the plaintiff has failed to state facts sufficient to constitute a claim, has failed to demonstrate how she is aggrieved by an act of the department, and has failed to comply with the court's pleading rules." (Def's Mot at 1-2.) Defendant notes that, "[i]n a similar case involving a complaint form that was largely left blank and contained no allegations of error on the part of the department of the magistrate, the Tax Court dismissed the case because the complaint failed to state a claim." (Id. at 2, citingRichards v. Dept. of Rev., 19 OTR 84, 88-89 (2006).)
Defendant argues, in the alternative, that Plaintiff's Complaint should be dismissed under ORS 305.560(1)(c)(A), which states "[i]f the complaint relates to value of property for ad valorem property tax purposes and the county has made the appraisal, the complaint shall be entitled * * * the county assessor as defendant." (Id. at 3.) "The Department of Revenue is not a proper defendant in this case, as this appeal appears to concern only the plaintiff's residential property, for which assessment responsibility lies with the county assessor." (Id. at 4 (citing ORS 308.210 through 308.245).)
ORS 305.275(1)(a)[1] requires that a person appealing to this court "be aggrieved by and affected by an act, omission, order or determination[.]" TCR-MD 1 B states in pertinent part:
 "The complaint shall state the nature of plaintiff's interest; the facts showing how the plaintiff is aggrieved by the order, act omission, or determination; and the grounds upon which the plaintiff contends it should be reversed or modified. For cases involving property valuation, the plaintiff shall state the real market value requested for each tax year at issue. A copy of the order or notice, if any, shall be attached to the original complaint."
As stated in Defendant's Motion, Plaintiff's Complaint does not allege any error on the part of *Page 3 
Defendant and does not identify requested relief as required by ORS 305.275(1)(a) and TCR-MD 1 B. Plaintiff was allowed 45 days to respond to Defendant's Motion and correct deficiencies in her Complaint. As of the date of this Decision, the court has received no further communication from Plaintiff. Plaintiff has failed to show that she is aggrieved by an "act, omission, order or determination of" Defendant as required by ORS 305.275(1)(a). Plaintiff's appeal must, therefore, be dismissed. Now, therefore,
IT IS THE DECISION OF THIS COURT that the Complaint is dismissed.
Dated this ___ day of November 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor,1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the date ofthe Decision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Pro Tempore Allison R.Boomer on November 18, 2011. The Court filed and entered this documenton November 18, 2011.
[1] Unless otherwise noted, all references to the Oregon Revised Statues (ORS) are to 2009.