No. 8            November 12, 2012            61

## IN THE OREGON TAX COURT
## REGULAR DIVISION

DOUGLAS COUNTY,
*Plaintiff,*

*v.*

Peter REMAN,
*Defendant.*

(TC 5073)

Plaintiff (the county) sought a declaratory judgment pursuant to ORS chapter 28 that Defendant (taxpayer)'s attempt to exempt his property by filing "correction deeds" was ineffective and that taxpayer's property was subject to taxation. Taxpayer argued that his real property was exempt from taxation and that the Tax Court did not have jurisdiction to hear the case. Denying the county's motion, the court ruled that declaratory relief was not appropriate because the county had access to an alternative remedy by way of the function of ORS 311.405 where unpaid property tax becomes a lien on the property. The court further ruled that there was no justiciable controversy before it because no declaration by the court would affect the rights of either party, as taxes on real property are *in rem* and assessed against the property and do not impose a personal obligation on the property owner to pay tax.

Submitted on Plaintiff's Motion for Summary Judgment.

Paul E. Meyer, Douglas County Counsel, filed the motion for Plaintiff (the county).

Peter Reman, Defendant, filed a response *pro se*.

Decision rendered December 12, 2012.

**HENRY C. BREITHAUPT, Judge.**

### I.   INTRODUCTION

This case comes before the court on the motion for summary judgment of Plaintiff Douglas County (the county), filed April 13, 2012. The county seeks a declaratory judgment to the effect that certain real property owned by Defendant Peter Reman (taxpayer) and located in Douglas County is subject to Oregon property tax. Taxpayer has refused to pay the property tax for this property for the 2011-12 tax year but claims, for a variety of reasons, that nothing is owed and that the county is barred from assessing and collecting tax on his property. Taxpayer has not

filed a counterclaim against the county and has not made a cross-motion for summary judgment in his own favor.

## II.   FACTS

The procedural history of this case is noteworthy and deserves to be stated on the record. Following the filing of the county's motion, the court received from taxpayer notice that taxpayer had filed suit against the county in federal district court and had removed the county's case to federal district court pursuant to section 1441 of Title 28 of the United States Code. Upon receipt of this notice, the Tax Court suspended proceedings on the county's state law case to await the outcome of taxpayer's federal case against the county.

On June 27, 2012, Judge Michael R. Hogan of the United States District Court for the District of Oregon entered an order and a judgment of dismissal in taxpayer's federal case, citing in the order taxpayer's "refusal to comply with this court's orders and procedures and \*\*\* refusal to appropriately prosecute [taxpayer's] case." The district court also cited as reasons for the dismissal of taxpayer's federal case that taxpayer's federal case was delaying proceedings in this court on the county's state law claims and that this court is competent to adjudicate the federal statutory and constitutional questions raised in taxpayer's federal case.

On July 10, 2012, taxpayer filed documents with the federal district court that the district court interpreted as an appeal of the district court judgment. The United States Court of Appeals for the Ninth Circuit opened an appeal on taxpayer's behalf on July 17, 2012. Court of Appeals staff made several attempts to mail to taxpayer notice of the newly opened appeal and an order to pay the filing fee for the appeal. In response to the last of these mailings, the Court of Appeals eventually received from taxpayer a document stating, in substance, that he did not wish to appeal to the Ninth Circuit. The Court of Appeals determined to treat this document as a motion for voluntary dismissal, which it granted on August 29, 2012.

This court was notified of the developments in taxpayer's federal cases via a letter from counsel for the county,

dated September 6, 2012. On September 7, 2012, staff for this court sent a letter to taxpayer directing him to respond to the motion for summary judgment of the county, and giving him 21 days in which to do so. In response to this letter the court received from taxpayer a document asserting, among other things, that the county's state law claim was in federal court, that the Tax Court lacked subject matter jurisdiction over the county's claims, and that the Judge of the Oregon Tax Court must recuse himself from this case because the Judge of the Oregon Tax Court and counsel for the county are both members of the Oregon State Bar Association.

## III. ANALYSIS

The court finds the legal arguments presented by taxpayer wholly without merit. However, for entirely unrelated reasons, the motion for summary judgment of the county must be denied.

Summary judgment is appropriate only where there are no contested issues of material fact and the moving party is entitled to prevail as a matter of law. TCR 47. In this case there do not appear to be any contested material facts. There is no dispute that taxpayer owns the real property in Douglas County that the county asserts tax is owed for and that taxpayer refuses to pay the property taxes for said property. The problem for the county is that the county is not, as a matter of law, entitled to declaratory relief.

This court has the same powers as a circuit court and, as such, can and does issue declaratory judgments when the circumstances require it. However, just as this court has the power of a circuit court to issue declaratory judgments, it must also observe the limitations on issuing declaratory judgments that the circuit courts are bound by. One of those limitations is that a court may and should refuse to grant declaratory relief when the party requesting such relief has access to alternative remedies. *See Fields v. Dept. of Rev.,* 19 OTR 547 (2009).

Here the county has an alternative to declaratory relief readily at hand: the taxes owed on taxpayer's property

become a lien on taxpayer's property. ORS 311.405.[1] If the taxes remain unpaid then the county may, in keeping with the statutes governing foreclosure of tax liens, foreclose on the lien and recover any delinquent taxes through sale of the property. *See* ORS chapter 312. The legislature has provided this remedy to the counties and clearly intended it to be used when property taxes go unpaid.

Moreover, as in the case of *Douglas County v. Smith*, there is no justiciable controversy in this case for the court to rule upon. 18 OTR 450, 453-54 (2006). No declaration of this court can affect the right of the county to collect tax on the property at issue in this case or impose on taxpayer an obligation to pay such tax. This is because taxes on real property are *in rem*. The tax is assessed against the property—it does not impose a personal obligation on the owner to pay tax. *Id.* at 454. A declaration by this court to the effect that taxpayer's property is subject to property tax will therefore have no effect on the rights of either party. However, as discussed above, delinquent taxes are a lien on the property and the county will eventually be able to collect the amounts owed through foreclosure on the lien and sale of the property.

The county argues that there is a justiciable controversy in this case because taxpayer has demanded that the county remove his property from the tax roll and threatened to sue the county for "20 gold pieces * * * per person per day" if it fails to do so. Taxpayer has not made a claim for any such relief in this case, however, so that matter remains outside of this court's purview. Nothing this court can do will impact taxpayer's ability to make idle threats.[2] This case therefore does not present a justiciable controversy.

## IV.   CONCLUSION

The motion of the county must be denied because the county is not entitled to the relief sought. Furthermore, this case does not present a justiciable controversy. Now, therefore,

---

[1] All references to the Oregon Revised Statutes (ORS) are to 2011.

[2] "Idle" in the sense that taxpayer has not made any counterclaim in the case before the court.

IT IS ORDERED that Plaintiff's Motion for Summary Judgment is denied. The court will prepare and enter a judgment.