IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

GARY D. EATON                          )
and ROSITA C. EATON,                   )
                                       )
                  Plaintiffs,          )     TC-MD 190124R
                                       )
            v.                         )
                                       )
MULTNOMAH COUNTY ASSESSOR,             )
                                       )
                  Defendant.           )     **ORDER OF DISMISSAL**

This matter came before the court on Defendant's Motion to Dismiss (Motion), filed May

10, 2019, requesting that the Complaint be dismissed for lack of subject matter jurisdiction.

Plaintiffs filed a response to the Motion on July 11, 2019, and Defendant waived a reply.[1]

In ruling on Defendant's Motion, the court must consider "the facts alleged in the

complaint, accepting those facts as true." *Douglas County v. Smith*, 18 OTR 450, 453 (2006).

Plaintiffs' first sentence provides the best snapshot of what this case is about: "this case involves

Forgery, Fraud and Attempted Murder in order to steal 3 property's from Gary Eaton and his

wife Rosita Eaton of 21 years, 2018 with no compensation to us." (Comp at 3.) The remaining

pages and the Amended Complaint provide details of a longstanding property dispute between

Plaintiffs and Mr. Eaton's sister. It would not benefit Plaintiffs, the public, nor the bar to recount

the specific facts alleged in the Complaint, however, the gist of the allegations detail potential

civil and criminal wrongdoing. The only facts alleged which have any relation to taxation is the

statement: "The Property taxes paid on all 4 property's owned with a Bargain and Sale Deed

---

[1] The court received Plaintiffs' response on July 3, 2019, however, filing was delayed because it was unclear on the face of the response that it had been properly served on Defendant. On July 9, 2019, Defendant filed a document clarifying that it had received Plaintiffs' response and stating that neither a reply nor oral argument was necessary.

from 2015, 2016 2017, 2018, are enclosed with cancel checks for 4 property's owned by Gary Eaton and Rosita Eaton. Total combined amount Property Taxes $27, 879.45." (Comp at 5, sic as in original.) Viewing this allegation in its best light shows that Plaintiffs may be entitled to recoup a proportional share of taxes they paid to Defendant on behalf of Mr. Eaton's sister.

The jurisdiction of the court is narrow. Subject only to judicial review of the Supreme Court, the Oregon Tax Court has the "sole, exclusive and final judicial authority for the hearing and determination of all questions of law and fact arising under the tax laws of this state." ORS 305.410(1)[2]. The court also has concurrent jurisdiction with the circuit courts to determine "priority of property tax liens in relation to other liens" and "[t]he validity of any deed, conveyance, transfer or assignment of real or personal property * * * *where the Department of Revenue has or claims a lien or other interest in the property*." ORS 305.410(2) (emphasis added). The Supreme Court has held that "tort claims are outside the jurisdiction of the tax court" and that "a claim is not one 'arising under the tax laws' unless it has some bearing on tax liability." *Sanok v. Grimes*, 294 Or 684, 698 701, 662 P2d 693 (1983).

Plaintiffs' Complaint alleges facts, which if true, could constitute tort or criminal claims. None of the allegations arise out of the tax laws of this state nor allege the Department of Revenue has a claim or lien in property owned by Plaintiffs. After careful consideration, the court finds Plaintiffs' Complaint does not allege facts within the jurisdiction of this court. Now, therefore,

/ / /

/ / /

/ / /

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2017.

IT IS ORDERED that Plaintiffs' appeal be dismissed.

Dated this ___ day of July 2019.

_____
RICHARD DAVIS
MAGISTRATE

*This is an order disposing of all issues pursuant to Tax Court Rule – Magistrate Division 16 C(1). The court will issue a decision after waiting 14 days to determine whether there is a dispute about costs and disbursements. Errors in this order may be challenged by appealing the court's decision. See TCR-MD 19.*

*This document was signed by Magistrate Richard Davis and entered on July 30, 2019.*