Argued and submitted November 1, affirmed December 15, 1982

COLE et al,
*Appellant,*
*v.*
STATE OF OREGON, by and through the OREGON
DEPARTMENT OF REVENUE,
*Respondent.*

(TC Nos. 1778, 1779, 1780, SC 28687)

655 P2d 171

Barbara A. Rose, Portland, argued and filed brief for appellant.

Walter J. Apley, Salem, argued and filed brief for respondent. With him on the brief was was Dave Frohnmayer, Attorney General, Salem.

LINDE, J.

## LINDE, J.

The Oregon Tax Court dismissed taxpayers' appeal of orders of the Department of Revenue assessing personal income taxes because taxpayers failed to allege that they had paid the assessed taxes and interest as required by 1982 Or Laws ch 29.[1] Taxpayers appeal the dismissal on the grounds that the prepayment requirement enacted by that statute is unconstitutional.

Specifically, taxpayers contend that to require payment of a tax as a precondition of judicial review deprives them of property without due process of law, and that they are denied equal protection of the laws because the requirement of payment before appeal applies to income taxes but not to certain other taxes. They also contend that their arguments under these clauses of the federal 14th amendment "apply with as much vigor to Article I, sections 10 and 20 of the Oregon State Constitution."

■ As this court has repeatedly stated, issues of Oregon law, including issues under the Oregon Constitution, must be resolved before it can be decided whether the state's law fails to preserve a right that the national charter obliges every state to protect. *Hewitt v. SAIF*, 294 Or 33, 41-42, 653 P2d 970; *State v. Caraher*, 293 Or

---

[1] The pertinent sections of 1982 Or Laws ch 29, HB 3314, are as follows:

"SECTION 2. (1) Except as provided in subsection (3) of this section, in any appeal from an order of the department involving a deficiency of taxes imposed upon or measured by net income, the tax assessed, and all penalties and interest due, shall be paid to the department on or before the filing of a complaint with the regular division of the Oregon Tax Court under ORS 305.560. The complaint shall be filed as a claim for refund.

"....

"(3) Upon a showing of undue hardship by the plaintiff, the tax court may stay all or any part of the payment of tax, penalty and interest required under subsection (1) of this section.

"....

"Section 4. ORS 305.565 is amended to read:

305.565. (1) Unless otherwise ordered by the Oregon Tax Court, no proceeding for the collection of any taxes, interest or penalties resulting from an assessment of taxes or additional taxes imposed by ORS chapter 118, 119, 310, [314, 316, 317, 318] or this chapter shall be stayed by the taking or pendency of any appeal to the director or department, or from an order of the department or the Oregon Tax Court.[,] *No stay shall be ordered by the tax court* if the department [believes] *demonstrates* that collection of the tax will be jeopardized by delay."

741, 748-52, 653 P2d 942 (1982); *Sterling v. Cupp,* 290 Or 611, 614 and n. 2, 625 P2d 123 (1981). In this case they are easily resolved. Article I, section 10 of the Oregon Constitution, which guarantees that "every man shall have remedy by due course of law for injury done him in his person, property, or reputation," is neither in text nor in historical function the equivalent of a due process clause, though briefs persist in citing it as such. It concerns remedies for "injuries done" of the stated kind. *State v. Burrow,* 293 Or 691 n. 5, 653 P2d 226 (1982); *Maddox v. Clackamas County School Dist. No. 25,* 293 Or 27, 34 n. 7, 643 P2d 1253 (1982). Even assuming that a quasijudicial administrative process were not "due course of law,"[2] and that article I, section 10 overcame the immunity of the state implicit in article IV, section 24,[3] a procedural requirement that one pay assessed taxes before suing to have them refunded is not the kind of "injury done him" contemplated in that guarantee.

■     Article I, section 20 provides that "[n]o law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens." The stay of collection of some taxes without requiring payment pending an appeal doubtless is a privilege within the meaning of this guarantee; but nothing suggests that it does not "upon the same terms. . . equally belong to all citizens." Every citizen must pay his assessed income tax before appealing the assessment to the tax court, and every citizen may obtain a stay pending appeal of the other taxes covered by ORS 305.565(1). Persons appealing income tax assessments are not a different "class of citizens" from persons appealing, for instance, inheritance tax assessments, when any person may sometime find himself in a position to appeal one or

---

[2] *But see Ortwein v. Schwab,* 262 Or 375, 381, 498 P2d 757 (1972), *aff'd* 410 US 656, 659-60, 93 S Ct 1172, 35 L Ed 2d 572 (1973) (welfare); *Inland Navigation Co. v. Chambers,* 202 Or 339, 350, 274 P2d 104 (1954) (taxation).

[3] Or Const art IV, § 24:

"Provision may be made by general law, for bringing suit against the State, as to all liabilities originating after, or existing at the time of the adoption of this Constitution; . . . ."

*Cf. Federal Land Bank of Spokane v. Schermerhorn,* 155 Or 533, 549, 64 P2d 1337 (1937).

the other on equal terms with all other taxpayers. At least they are not "classes" absent some showing that the laws are directed at classes of persons identifiable by characteristics other than their status of appellants. *See Norwest v. Presbyterian Intercommunity Hospital,* 293 Or 543, 567-68, 652 P2d 318 (1982); *State v. Clark,* 291 Or 231, 237-41, 630 P2d 810 (1981). Taxpayers cite no relevant decisions to suggest that the analysis would be different under the equal protection clause of the 14th amendment, unless they have a "fundamental right" to appeal without prepayment by virtue of that amendment's due process clause. We therefore turn to that claim.

The Department of Revenue relies on *Bull v. United States,* 295 US 247, 259-60, 55 S Ct 695, 699, 79 L Ed 1421 (1935), and *Phillips v. Commissioner,* 283 US 589, 595-99, 51 S Ct 608, 611-12, 75 L Ed 1289 (1931), for the principle that collection of a tax in advance of litigating the taxpayer's liability for it is not a deprivation of property without due process of law. Taxpayers point out that due process has come a long way since 1935, and they claim to find intimations of new due process constraints on tax collection in two recent decisions of the United States Supreme Court, *Laing v. United States,* 423 US 161, 96 S Ct 473, 46 L Ed 2d 416 (1976) and *Commissioner v. Shapiro,* 424 US 614, 96 S Ct 1062, 47 L Ed 2d 278 (1976).

Like *Phillips,* these recent cases involved summary procedures under which the Internal Revenue Service, in certain circumstances may assess a tax and seize the taxpayer's assets before the taxpayer has had an opportunity to contest the asserted tax liability. In each case the Supreme Court ruled for the taxpayer under the applicable statutes without deciding any constitutional issue. A footnote in *Laing* reserved the question, not raised by taxpayers, whether "due process demands that the taxpayer in a jeopardy assessment situation be afforded a prompt post-assessment hearing at which the Government must make some preliminary showing in support of the assessment." 423 US at 184 n. 26. In *Shapiro,* the Court suggested that "to permit the Government to seize and hold property on the mere good-faith allegation of an unpaid tax would raise serious constitutional problems" if seizure of assets is alleged to cause irreparable injury, and that "the Due

Process Clause requires that the party whose property is taken to be given an opportunity for some kind of pre-deprivation or prompt post-deprivation hearing at which some showing of the probable validity of the deprivation must be made." 424 US at 629.[4]

The present case, however, does not involve a jeopardy assessment or any other summary procedure. These taxpayers had opportunities for both an informal administrative hearing and a formal quasijudicial hearing to challenge the assessment. ORS 305.265, 305.275, OAR 150-305.115. These procedural opportunities more than satisfy the kind of due process requirements suggested by the Supreme Court in *Shapiro, supra,* apart from the fact that no "irreparable harm" from delaying a hearing until after payment is shown here. The taxpayers' only criticism of the administrative hearing is that the Director of the Department of Revenue need not accept the hearing officer's recommended decision but may make a contrary decision upon a summary of the evidence prepared by the hearing officer. If the director proposes to modify the recommended decision, however, he must give the parties his reasons in writing, and he must reopen the hearing if he intends to modify the order upon any evidence outside the hearing record. ORS 305.115(1).

At bottom, taxpayers' argument is that due process is not complete until there has been judicial review of their tax liability, and that irrespective of quasijudicial administrative hearings judicial review cannot consistent with due process be limited to challenges to a tax that has been paid. The Supreme Court has not so held, and we see no indication that it would so hold.

The statutory amendment requiring payment of the tax before an appeal became effective several weeks after the orders to these taxpayers, which had the effect of shortening the period in which they could pay the taxes and perfect their appeals. The taxpayers did not, however, ask the tax court to stay the prepayment requirement as authorized by section 2(3) of 1982 Oregon Laws, chapter 29,

---

[4] Taxpayer also quotes earlier dicta to the same effect in *Rambo v. United States,* 492 F2d 1060, 1064-65 (6th Cir 1974), *cert den* 423 US 1091, 96 S Ct 886, 47 L Ed 2d 103 (1976).

upon a taxpayer's "showing of undue hardship," although they were informed of this provision by the department's notice of their appeal rights. Taxpayers did no more than point out to the tax court that they had "considerably less than sixty days in which to raise substantial sums of disputed tax assessments." They have not asserted that it would be difficult for them to do so. On this record, we cannot hold that they are entitled to a hardship exemption from the statutory requirement, assuming that this otherwise would be within our responsibility in reviewing the tax court's decision under ORS 305.445.

The tax court's decision is affirmed.