Argued and submitted March 5, affirmed July 23, 1985

## LEFFLER INDUSTRIES, INC.,
*Appellant,*

*v.*

## DEPARTMENT OF REVENUE,
*Respondent.*

(OTC 2155, SC S31094)

704 P2d 97

Ridgway K. Foley, Jr., P.C., Portland, argued the cause and submitted the briefs for appellant. With him on the brief was Schwabe, Williamson, Wyatt, Moore & Roberts, and Roy D. Lambert, Portland.

James C. Wallace, Assistant Attorney General, Salem, argued the cause and submitted the brief for respondent. With him on the brief was Dave Frohnmayer, Attorney General, Salem.

CAMPBELL, J.

---

* Jones, J., did not participate in this decision.

## CAMPBELL, J.

The issue in this case is whether ORS 305.419(1) creates a jurisdictional requirement when it requires that a taxpayer pay the alleged tax deficiency, penalties and interest on a tax assessment prior to or concurrently with the filing of a complaint in the Oregon Tax Court. ORS 305.419 reads in pertinent part:

"(1)  Except as provided in subsection (3) of this section, in any appeal from an order of the department involving a deficiency of taxes imposed upon or measured by net income, the tax assessed, and all penalties and interest due, shall be paid to the department on or before the filing of a complaint with the regular division of the Oregon Tax Court under ORS 305.560. The complaint shall be filed as a claim for refund.

"* * * * *

"(3)  Upon a showing of undue hardship by the plaintiff, the tax court may stay all or any part of the payment of tax, penalty and interest required under subsection (1) of this section."

The Tax Court held that taxpayer's failure to pay the taxes assessed and all penalties and interest due on or before filing a complaint as required by ORS 305.419(1) constituted jurisdictional defect. We affirm.

The Oregon Department of Revenue (the Department) on October 11, 1981, issued a notice of deficiency to Leffler Industries, Inc. (Leffler) alleging a deficiency in Leffler's corporate excise tax payment for its fiscal year ending August 31, 1978. Leffler protested the notice of deficiency and the Department held a hearing on September 28, 1983. The Deputy Director issued an Opinion and Order on April 9, 1984, holding Leffler responsible for additional tax interest and penalties in the amount of $15,229.52. On June 8, 1984, Leffler filed its complaint with the Tax Court protesting the assessment of the deficiency following the procedure set forth in ORS 305.560[1] but did not pay the disputed amount as

---

[1] ORS 305.560 reads in part:

"(1)  Except for an order, or portion thereof, denying the discretionary waiver of penalty or interest by the department, an appeal from an order of the department on an appeal taken pursuant to this chapter may be taken by filing an original and one certified copy of a complaint with the * * * Oregon Tax Court * * *

required by ORS 305.419(1) until June 19, 1984.[2] On·July 12, 1984, the Department filed its answer alleging, among other things, an affirmative defense that "the requirements of ORS 309.419(1) are jurisdictional and that the failure to comply with said subsection denies this court of jurisdiction to hear the proceedings." On August 10, 1984, the Tax Court denied Leffler's motion to strike the Department's affirmative defense and ruled that the failure to pay the assessment on or before the day of filing such complaint constituted a jurisdictional defect which deprived the court of jurisdiction of the appeal. A decree dismissing the appeal to the Tax Court was signed and filed on August 29, 1984, and notice of appeal was filed in this court on September 4, 1984.

ORS 305.419(1) was at issue in *Cole v. Dept. of Rev.*, 294 Or 188, 655 P2d 171 (1982). In that case, a Tax Court order dismissing Cole's suit dated May 5, 1982, stated in pertinent part that:

> "The several complaints on file in the above-entitled suits do not allege that the tax as assessed and all penalties and interest due were paid to the Department of Revenue on or before the filing of the complaints herein as required by Or Laws 1982 ss, ch 29 (House Bill 3314), [Codified as ORS 305.419(1)] and the plaintiffs' objections to the Motion to Dismiss indicate that no payments have been made. The court, now deeming itself fully advised, finds that, under House Bill 3314, it does not have jurisdiction to try the above-entitled suits and they should be dismissed, and it is, therefore,
>
> "ORDERED that the above-entitled suits should be and hereby are dismissed * * *."

The taxpayers in *Cole* asserted that the prepayment requirement was constituitionally flawed. We held that there

---

within 60 days after a copy of the order or notice of the order has been served upon the appealing party by mail as provided in ORS 306.805 or within six months after notice of the order has been given to him under ORS 306.805(1)(b). * * * Service upon the department shall be accomplished by the clerk of the tax court filing the certified copy of the complaint with the Director of the Department of Revenue. The complaint shall be entitled in the name of the person filing the same as plaintiff and the Department of Revenue as defendant. A copy of the order of the department shall be attached to the original complaint.

[2] On June 19, 1984, prior to depositing the tendered check for the taxes, interest and penalties, the Department obtained permission from Leffler's attorney to deposit the check without waiving the Department's jurisdictional argument regarding Leffler's failure to pay the assessment as required under ORS 305.419(1).

were no constitutional infirmities and affirmed the Tax Court's decision. *Cole,* 294 Or at 194.

In *Cole,* as in this case, the order contained a notice of the right to appeal to the Tax Court. The notice reads as follows:

"If you are dissatisfied with this decision, you may appeal to the Oregon Tax Court, 520 Justice Building, Salem, Oregon 97310.

"You must appeal within 60 days of the mailing date shown above. And, under House Bill 3314 (1982 Special Session), on or before filing a complaint, you must pay the department the tax assessed, penalties and interest due, in the amount shown in this Opinion and Order.

"File your appeal as a claim for refund with the regular division of the Tax Court, under ORS 305.560. However, upon a showing of undue hardship, the Tax Court may stay all or part of the payment."

The Tax Court in *Cole,* and since that time, has interpreted the prepayment requirement as jurisdictional. Leffler claims that the word "shall" in ORS 305.419(1) does not mean shall.

We disagree. The statute is clear. That "shall" means shall is backed up by the language of ORS 305.419(1). The key language is that "the tax * * * *shall* be paid * * * *on or before the filing of a complaint* * * * under ORS 305.560. *The complaint* shall be filed as a *claim for refund."* (Emphasis added.) The language makes clear that before one can effectively file a complaint under ORS 305.560 the tax must be paid. The last sentence of ORS 305.419(1) gives additional insight. The requirement that the claim "shall be filed as a refund" means that something had to be previously paid.

The intent of the legislation is also found in the legislative history.[3] The Staff Measure Analysis for House Bill

---

[3] Before passing House Bill 3314, the House Revenue Committee was informed of the jurisdictional nature of the subject provisions.

" 'Assuming you couldn't get the money together in 60 days even if the court thought you could. That means you can't appeal, right? And you have lost your right to appeal?' (Unidentified House Revenue Committee member)

3314 prepared by the economist for the Legislative Revenue Office described the purpose of the bill as follows:

> "Requires taxpayers appealing personal income, corporate excise or corporate income tax cases before the Oregon Tax Court to pay the tax deficiency, penalty and interest before the appeal may be filed * * *."

In summary, Leffler was given clear notice that the tax must be paid on or before filing its appeal in Tax Court. The legislature clearly stated that the payment of the tax due was a prerequisite to the Tax Court's ability to hear the case. The Tax Court is affirmed.

---

" 'That's right.' (Elizabeth Stockdale, Assistant Attorney General, appearing on behalf of the Oregon Department of Revenue.)

" 'Is there any constitutional problem with that?'

" 'No, * * *.' (Testimony of E. Stockdale, House Bill 3314, House Revenue Committee, February 18, 1982, Tape 46, side B. at 254.

In discussion of the emergency clause provision in House Bill 3314, the following testimony was given:

" '* * * In reviewing the bill we really felt this was not a measure that regulated taxation. What it regulates is the jurisdiction of the court to hear an appeal, and the subject matter of the appeal is tax due. But the act of taxation has already occurred at that point.' Testimony of E. Stockdale, House Bill 3314, House Revenue Committee February 18, 1982, Tape 47, side B at 588.

" '* * * It is the opinion of the department this is referring to the Oregon Tax Court. It is not a revenue raising measure and therefore it can contain an emergency clause provision.' Testimony of E. Stockdale, House Bill 3314, House Revenue Committee, February 18, 1982, Tape 48, side A at 142.

" 'If the order [Department of Revenue Opinion and Order] contains the deficiency assessment, taxpayers have the choice of stopping at that time and paying the tax or appealing the decision to the Oregon Tax Court. At this point, this bill would move in and require the taxpayer to then pay the disputed deficiency and any interest and if there was any penalty assessed - that amount, before the taxpayer would be able to file a complaint in the Tax Court.' Testimony of E. Stockdale, House Bill 3314, Senate Revenue Committee, February 22, 1982, Tape 30, side A at 340."