David D. LOWRY
and Loni M. Lowry,
*Plaintiffs,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4472)

William H. Fowler, Fowler & McNair, Medford, argued the cause for Plaintiff (taxpayer).

Douglas M. Adair, Assistant Attorney General, Department of Justice, Salem, filed the motion for Defendant (the department).

Decision for Defendant rendered October 5, 2000.

**CARL N. BYERS, Judge.**

This matter is before the court on Defendant Department of Revenue's (the department) motion to dismiss for failure to meet the requirements of ORS 305.419(1),[1] and motion to dismiss for lack of jurisdiction. Because the issues

---

[1] Unless otherwise stated, all references to the Oregon Revised Statutes are to 1999.

in both motions are similar, the court will consolidate and discuss both motions here.

Plaintiffs (taxpayers) filed a Complaint in the Regular Division of the Oregon Tax Court on March 20, 2000, within the 60-day period for appealing to the Regular Division.

In their Complaint, taxpayers asserted:

"Plaintiff has not paid the taxes and interest Defendant claims is owing for such tax years. Plaintiff is appealing the decision of the Magistrate and is not required to make payment as condition precedent in this instance."

Later, on April 19, 2000, taxpayers paid the taxes, penalties, and interest to the department. However, by that time almost 30 days had expired from the Complaint filing date.

The department filed two motions to dismiss. The first was filed before taxpayer paid the tax, penalties, and interest. The second was filed thereafter.

## ISSUE

May taxpayers file an income tax appeal in the Regular Division without paying taxes, penalties, and interest on or before the attempted filing?

## ANALYSIS

Resolution of the issue here requires the court to construe ORS 305.419(1), ORS 305.560, and ORS 305.275. To do that, the court will follow the guidelines established in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). The first level of statutory analysis requires an evaluation of the text and context of those statutes. *Id.*

ORS 305.419(1) provides, in relevant part:

"[I]n any appeal from an order, act, omission or determination of the Department of Revenue involving a deficiency of taxes imposed upon or measured by net income, the tax assessed, and all penalties and interest due, shall be paid * * * on or before the filing of a complaint with the *regular division* of the Oregon Tax Court under 305.560 * * *." (Emphasis added.)

ORS 305.560 states, in relevant part:

> "* * *[A]n appeal *under ORS 305.275* may be taken by filing * * * a complaint * * *." (Emphasis added.)

Finally, the relevant portion of ORS 305.275 declares, in part:

> "Any person may appeal under this subsection *to the magistrate division* of the Oregon Tax Court * * *, if all of the following criteria are met * * *."

■   In summary, those provisions direct that taxes, penalties, and interest must be paid before making an income tax appeal to the Regular Division under provisions for appeals made to the Magistrate Division. After consideration of the text and context of those provisions, it is unclear what the legislature intended with those directions. Therefore, the court will consider the legislative history to inform the court's inquiry of the legislative intent. *PGE*, 317 Or at 612.

The confusion here seems to have been created by House Bill 2299 in the 1999 legislative session.[2] That bill changed the above-quoted language of ORS 305.275(1). Previously, ORS 305.275(1) (1997) stated, in relevant part:

> "Any person may appeal under this subsection to the *tax court* * * *, if all of the following criteria are met * * *."

Before enactment of House Bill 2299, the statutes clearly mandated that before one may appeal under ORS 305.419(1) to the Regular Division, the taxes, penalties, and interest must be paid. That clarification was lost when House Bill 2299 was enacted.

■   The legislative history of that bill reveals that the change made to ORS 305.275(1) was merely a housekeeping matter intended to more specifically direct litigants regarding where to file their appeals. Nothing in the legislative history demonstrated an intent on the part of the legislature to repeal the requirement that a taxpayer must pay taxes, penalties, and interest before filing an income tax appeal in the Regular Division. *See* Minutes, Senate Revenue Committee, HB 2299, May 10, 1999, Ex 3; Testimony, House Revenue

---

[2] *See* Or Laws 1999, ch 340, § 2.

Committee, HB 2299, April 14, 1999, Tape 131, Side A at 15, Exs 1, 3 (statement of Scot Sideras, Presiding Magistrate); Minutes, House Revenue Committee, HB 2299, April 16, 1999.

Therefore, the court concludes that the legislature never intended to repeal the requirement. Consequently, the court holds that under ORS 305.419(1) taxes, penalties, and interest must be paid on or before an appeal is filed in the Regular Division of the Tax Court.

The next level of inquiry for statutory analysis confirms the court's conclusion. It is the general maxim of statutory construction that:

> "In construing a statute, courts must refuse to give literal application to language when to do so would produce an absurd or unreasonable result. Rather, courts must construe the statute if possible so that it is reasonable and workable and consistent with the legislature's general policy." *McKean-Coffman v. Employment Div.*, 312 Or 543, 549, 824 P2d 410 (1992).

Here, a literal reading of the text and context of the provisions at issue produce an absurd result. It is reasonable and consistent with the legislature's general policy to require income-tax appellants to pay taxes, penalties, and interest on or before their appeals are filed in the Regular Division.

Taxpayers here paid their taxes, penalties, and interest almost a full month after they had filed their Complaint. Those facts are similar to facts in *Leffler Industries v. Dept. of Rev.*, 299 Or 481, 704 P2d 97 (1985).[3] There, the Oregon Supreme Court found that taxpayer's late payment was not "payment on or before" the complaint filing. Similarly, taxpayers here failed to fulfill the requirements of ORS 305.419(1). Now, therefore,

IT IS ORDERED that Defendant's motions to dismiss be, and hereby are, granted. Costs to neither party.

---

[3] In *Leffler*, taxes, penalties, and interest were paid 11 days after the complaint was filed. 299 Or at 484-85.