No. 15    January 3, 2013    111

IN THE OREGON TAX COURT
REGULAR DIVISION

Hugo S. ROBLES
and Shelly Robles,
*Plaintiffs,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 5117)

Plaintiffs (taxpayers) appealed a Magistrate Division decision as to income tax. Defendant (the department) filed a Motion to Dismiss on the grounds that taxpayers had neither paid the assessed tax, penalties and interest prior to filing a complaint, nor had they filed a hardship motion and affidavit as required by statute. Taxpayers argued that the department should be estopped from moving to dismiss based on ORS 305.419 where their appealed decision directed a recalculation of tax due and the department did not provide a recalculation within the time permitting payment of the amount determined by the magistrate to be due, or a hardship filing based on the redetermination. Taxpayers also asserted that partial payment of the assessed deficiency was accomplished by seizure of refund amounts due to them and garnishment of a portion of the amount assessed. Granting the department's motion, the court ruled that pursuant to relevant statute, because the provisions of subsection (1) of the statute specify that the assessed amount of tax is to be paid and the provisions of subsection (2) rely on the amounts contained in the notice of assessment, they must be paid and the complaint filed as a claim for refund. Any failure to pay or file a hardship motion is therefore fatal to an appeal.

Hearing on Defendant's Motion to Dismiss was held via telephone on November 21, 2012.

Denise N. Gorrell, Samuels Yoelin Kantor LLP, Portland, filed the response and argued the cause for Plaintiffs (taxpayers).

Douglas M. Adair, Senior Assistant Attorney General, Department of Justice, Salem, filed the motion and argued the cause for Defendant (the department).

Decision for Defendant rendered January 3, 2013.

**HENRY C. BREITHAUPT, Judge.**

This matter is before the court on the motion of Defendant Department of Revenue (the department) to dismiss the complaint of Plaintiffs (taxpayers).

In this income tax case, taxpayers received an assessment of tax, interest and penalties from the department for the 2007 year. They appealed that assessment to the Magistrate Division of this court and appointed an authorized representative to appear for them. In the Decision, issued July 6, 2012, the magistrate hearing the matter found for the department in part and for taxpayers in part, stating that the department "shall recalculate Plaintiffs' 2007 tax liability to conform with the court's determinations." *Robles v. Dept. of Rev.*, TC-MD No 110684N at 22 (July 6, 2012).

Following receipt of the decision of the magistrate, taxpayers filed an appeal with the Regular Division of the court.[1] In their Complaint, taxpayers alleged that they had "paid any taxes, penalties, and interest Defendant claims is owing," or if not, an undue hardship existed and that, in that event, they had "attached a Motion for Stay of Payment of Income Tax and Affidavit of Undue Hardship." In fact, taxpayers had not paid the amount assessed by the department or filed a hardship motion and accompanying affidavit.

The department filed its Motion to Dismiss, relying on the failure of taxpayers to either pay the tax, penalties and interest assessed or to timely file a hardship motion and affidavit, as required by ORS 305.419.[2] Taxpayers assert that in this case, where the decision from which the appeal is taken directs a recalculation of tax due and the department does not provide such a recalculation within a time permitting payment of the amount determined by the magistrate to be due, or a hardship filing based on the redetermination, the department is estopped from moving to dismiss based on ORS 305.419. Taxpayers also assert that partial payment of the assessed deficiency was accomplished by seizure

---

[1] Taxpayers assert that the decision of the magistrate was not received by their representative until August 24, 2012, close to the end of the time permitted by statute for the filing of an appeal to the Regular Division. The records of the court indicate that the decision was mailed to the representative of taxpayers on July 6, 2012, to the address provided by the representative. The practice of the Magistrate Division is to mail decisions only to the representative of a party when one has been designated. The court notes that ORS 40.135 provides that a letter duly directed and mailed is received in the regular course of the mail. Further, taxpayers do not dispute that their representative received the decision of the magistrate in time to file a timely complaint in the Regular Division.

[2] All references to the Oregon Revised Statutes (ORS) are to 2011.

of refund amounts due to them and garnishment of a portion of the amount assessed.[3]

       The position of taxpayers is not well taken. ORS 305.419 provides, in relevant part:

"(1)  Except as provided in subsection (3) of this section, in any appeal from an order, act, omission or determination of the Department of Revenue involving a deficiency of taxes imposed upon or measured by net income, the tax assessed, and all penalties and interest due, shall be paid to the department on or before the filing of a complaint with the regular division of the Oregon Tax Court under ORS 305.560 or before a complaint specially designated for hearing in the regular division under ORS 305.501 is heard. The complaint shall be filed as a claim for refund.

"(2)  Penalty and interest due under subsection (1) of this section are the amounts stated in the order, notice of assessment, notice of refund denial or proposed adjustment under ORS 305.270 by the department from which the appeal is taken.

"(3)  Where payment of the tax, penalties and interest would be an undue hardship, plaintiff may file an affidavit alleging undue hardship with the complaint. If the tax court finds undue hardship, the tax court judge may stay all or any part of the payment of tax, penalty and interest required under subsection (1) of this section. If the tax court judge finds no undue hardship, the tax court judge may grant the plaintiff up to 30 days from the date of determination to pay the taxes, penalties and interest. Failure by the plaintiff to pay the taxes, penalties and interest or to establish undue hardship will be cause for dismissing the complaint."

       Subsection (1) states the requirement of payment of the tax assessed and penalties and interest "due." In any number of situations there could be some doubt as to what is the amount due. What occurred in this case is one such situation. Similarly, as interest due must be paid, the precise amount due would change from day to day. These problems are resolved by the provisions of subsection (1) specifying that the assessed amount of tax is to be paid and

---

[3] There is a dispute as to whether the garnishment was effective, but that dispute is not relevant to this order.

the provisions of subsection (2), relying, as it does, on the amounts contained in the notice of assessment.

Taxpayers argue that there should have been another assessment in this case based on the decision of the magistrate. Although the statutes contemplate one assessment by the department of any deficiency asserted (*see* ORS 305.265(6) and (7)), there is no statutory authority for any "second" assessment following a decision of a magistrate. Additionally, such a requirement would be a wasteful process, as preparation of a "second" assessment would be meaningless if either the taxpayer or the department appealed the decision of the magistrate and this division decided, as it is permitted to do under ORS 305.575, that the tax due was an amount different from the decision of the magistrate, and perhaps an amount different from the amount asserted by either party to the case.[4]

Focus on the assessment made by the department is also consistent with the structure of the Tax Court. The action of the department is its assessment. The decision of this court is not final until either no appeal is taken from the decision of the magistrate, (*see* ORS 305.501(7)), or a decision of the Regular Division becomes final, before or after appeal to the Oregon Supreme Court. ORS 305.440(1). In cases where a decision of a magistrate is appealed, as was attempted here, this division hears the matter *de novo* and the result may or may not be consistent with the decision of the magistrate—or even based on the same facts or law. ORS 305.425(1). At the time of such an appeal there does remain unchanged however, the amount stated in the department's notice of assessment. That fixed amount is not only the statutorily stated reference; it is a practical way of defining obligations at a point before the litigation process has not been completed.

---

[4] The statutory "one assessment" process can actually work somewhat in the favor of a taxpayer and appears to have done so here. In this case the assessment made by the department and which was the subject of the appeal by taxpayers to the Magistrate Division did not include any increase in income attributable to omitted income. During the proceedings before the magistrate, the department made a claim for additional tax attributable to omitted income and the magistrate ruled in favor of the department on that claim. Tax due in respect of that claim was not included in the tax assessed by the department and, given the provisions of ORS 305.419(1), would not have been required to be paid as a precondition to appeal to the Regular Division.

Taxpayers' argument that part payment of the amount assessed satisfies ORS 305.419 fares no better. Nothing in the statute states that partial payments of the amount assessed are sufficient. Further, the legislative concern with requiring payment of what the department says is due as a precondition to making use of further judicial remedies would be frustrated by treating partial payment as adequate.

In this case, taxpayers, like all taxpayers, are charged with complying with the law. That law set an amount required to be paid in advance of further litigation.[5] Taxpayers did not pay that amount. That failure is fatal to their appeal. *Leffler Industries v. Dept. of Rev.*, 299 Or 481, 704 P2d 97 (1985).[6] Neither did they file, with their complaint, a hardship motion and affidavit. The timing of the hardship filing is again specifically set forth in the statute.

The Motion to Dismiss filed by the department is granted. The complaint of the taxpayers is dismissed. Counsel for the department is directed to prepare a form of judgment consistent with the decision of the magistrate who heard this matter. Now, therefore,

IT IS ORDERED that Defendant's Motion to Dismiss is granted.

---

[5] Taxpayers also had available to them an information sheet provided by the court stating the requirements of ORS 305.419 as to further appeal from the decision of the magistrate—payment or hardship filing.

[6] At the hearing on this matter taxpayers argued that an order or other action by the department is needed prior to the appeal to the Regular Division and pointed to language in the *Leffler* decision to support the argument. At the time *Leffler* was decided, the Magistrate Division had not yet been created. Proposed deficiency assessments of the department were the subject of an administrative hearing before the department and the result of that hearing was a final assessment, from which appeal to the Regular Division of the court could be taken. The amount required to be paid in advance of an appeal to the Regular Division was the final amount determined by the department to be due prior to the beginning of the judicial process. Accordingly, ORS 305.419 referred to the order following the department administrative hearing as defining the payment required under ORS 305.419. Today the final amount claimed by the department to be due prior to the beginning of the judicial process is contained in the assessment notice, or other action such as notice of refund adjustment. Accordingly, ORS 305.419 now refers to that final pre-judicial process agency action to define the amount that must be paid in advance of an appeal to the Regular Division. *Leffler* is properly read as requiring payment of the amount stated in the final agency action of the department.