No. 11         November 8, 2022         179

IN THE OREGON TAX COURT
REGULAR DIVISION

George E. MACK
and Anna H. Mack,
*Plaintiffs,*

*v.*

DEPARTMENT OF REVENUE,
State of Oregon,
*Defendant.*

(TC 5437)

On its motion for summary judgment under Tax Court Rule 47, Defendant Department of Revenue argued for the dismissal of Plaintiffs' complaint because Plaintiffs did not pay "the tax assessed, and all penalties and interest due" before filing their complaint in the Regular Division and therefore did not satisfy ORS 305.419(1). In response, Plaintiffs argued that the assessment for the tax year at issue, 2016, was paid because Defendant held an overpayment, sufficient to pay the 2016 assessment, made by Plaintiffs for a subsequent tax year. Plaintiffs also argued that the overpayment had been "designated" for the 2016 assessment and that Plaintiffs subjectively believed that the 2016 tax had been paid. Granting Defendant's motion, the court concluded that under OAR 150-314-0248(2), Defendant could not apply an overpayment to satisfy a different year's tax assessment when that other year's assessment was on appeal. Further, the court found that Defendant's correspondence to Plaintiffs created no reasonable inference that the overpayment had been applied to the 2016 assessment, nor does a taxpayer's subjective belief satisfy the requirement under ORS 305.419(1).

Oral argument on Defendant's motion for summary judgment was held remotely on August 10, 2022.

Kevin P. O'Connell, Hagen O'Connell & Hval LLP, Portland, filed a response and argued the cause for Plaintiffs.

Patrick L. Rieder, Assistant Attorney General, Department of Justice, Salem, filed the motion and argued the cause for Defendant.

Decision rendered November 8, 2022.

**ROBERT T. MANICKE, Judge.**

## I.   INTRODUCTION

This personal income tax case is before the court on Defendant's motion for summary judgment under Tax Court Rule (TCR) 47. Plaintiffs oppose the motion but have

not cross-moved. Defendant argues that Plaintiffs failed to pay "the tax assessed, and all penalties and interest due *** on or before the filing of [their] complaint with the regular division of the Oregon Tax Court ***." ORS 305.419(1).[1]

## II.   FACTS

Defendant has submitted declarations and exhibits, together with the complaint, support the following factual narrative.

### A.   *Facts Related to Tax Year 2016*

On or about October 15, 2017, Plaintiffs paid Defendant by check $22,003, which was the amount shown on their return for tax year 2016. On May 6, 2019, Defendant sent Plaintiffs a letter stating that Defendant was commencing an audit of their return for tax year 2016.

#### 1.   *March 9, 2020: Notice of Deficiency for Tax Year 2016*

After the audit, Defendant issued a notice of deficiency, on March 9, 2020, adjusting Plaintiff's 2016 income by denying certain business expense deductions they had claimed, and determining a deficiency of $24,901 in tax to pay, plus a 20-percent underpayment penalty of $4,980 and interest. The notice of deficiency also stated: "If you do not pay the balance within 30 days from the return's due date or the date of this notice, whichever is later, a 5 percent penalty will be added."

A statement of account that Defendant issued to Plaintiffs the same day as the notice of deficiency includes a table that shows the following:

| Period Ending | Tax | Penalties/Fees | Interest | Refund/Offset | Credit | Balance |
|---|---|---|---|---|---|---|
| Dec 31, 2016 | $44,868.00 | $5,978.35 | $4,931.00 | $0.00 | -$22,003.00 | $33,774.35 |

The amount of $44,868 in the "Tax" column in the statement of account corresponds with the "tax to pay" amount "per audit" in the notice of deficiency, which apparently means the total amount of tax due for the year, before applying

---

[1] References to the Oregon Revised Statutes (ORS) and to the Oregon Administrative Rules (OAR) are to the 2021 editions unless otherwise indicated.

any payment already made. The amount of -$22,003 in the "Credit" column corresponds with the amount Plaintiffs paid when they filed their return.

2. *September 10, 2020: Notice of Assessment for Tax Year 2016*

On September 10, 2020, Defendant issued its notice of assessment for the total amount of $35,776.66. The notice of assessment includes the following table:

| Period Ending | Tax | Penalties/ Fees | Interest | Refund/ Offset | Balance |
|---|---|---|---|---|---|
| Dec 31, 2016 | $24,901 | $6,225.05 | $4,655.46 | $0.00 | $35,776.66 |

The amount of $24,901 in the "Tax" column in the notice of assessment corresponds with the deficiency amount stated in the March 9, 2020, notice of deficiency. However, the court observes that the "Tax," "Penalties/Fees" and "Interest" amounts shown add up to $35,781.51, not the $35,776.66 amount shown.

A statement of account that Defendant issued to Plaintiffs the same day as the notice of assessment includes a table that shows the following:

| Period Ending | Tax | Penal- ties/Fees | Interest | Refund/ Offset | Credit | Balance |
|---|---|---|---|---|---|---|
| Dec 31, 2016 | $44,868.00 | $7,223.40 | $5,688.26 | $0.00 | -$22,003.00 | $35,776.66 |

The above amounts add up; the balance of $35,776.66 is the sum of the other amounts shown.

3. *September 29, 2020: Appeal to Magistrate Division for Tax Year 2016*

On or about September 29, 2020, Plaintiffs appealed the tax year 2016 assessment by filing a complaint in the Magistrate Division. The magistrate issued a decision on January 24, 2022. The decision upheld Defendant's disallowance of certain deductions Plaintiffs had claimed, but the decision granted Plaintiffs' appeal in part, ordering Defendant to reduce the assessment to reflect the court's allowance of $115,600 of previously disallowed expense deductions.

4. *February 10, 2022: Appeal to Regular Division for Tax Year 2016*

On or about February 10, 2022, Plaintiffs filed their complaint in this division of the court to appeal from the magistrate's decision. On March 23, 2022, counsel for Plaintiffs sent a letter to Defendant's counsel that, among other things, asked for a computation of the "amount necessary to have standing" for tax year 2016. On April 21, 2022, counsel for Plaintiffs apparently sent another letter, suggesting settlement. On May 26, 2022, counsel for the Department sent Plaintiffs' counsel an email stating, in part, that Defendant had decided to not challenge the expenses that the magistrate had ordered the Department to allow as deductions. In the same email, counsel for Defendant stated that the "payoff amount" for tax year 2016 was $21,060.27.

5. *June 7, 2022: Payment of Assessment for Tax Year 2016*

Except for the $22,003 paid with their tax return, Plaintiffs' only payment for tax year 2016 was by check dated June 7, 2022, in the amount of $35,910. Defendant has not asserted that the amount paid was less than the full amount of tax, penalty and interest assessed.

B. *Facts Related to Tax Years 2019, 2020 and 2021*

Between the March 9, 2020, notice of deficiency and the June 7, 2022, payment for tax year 2016, the following occurred.

1. *January 20, 2021: Plaintiffs File Late and Overpay ($63,237) for Tax Year 2019*

Plaintiffs filed their return for tax year 2019 on or about January 20, 2021, several months after the extended due date. They overpaid.

Plaintiffs initially sought to apply $63,237 of the tax year 2019 overpayment to tax year 2020, entering the amount of the overpayment on line 31 of their return for tax year 2020. Defendant, however, treated Plaintiff's request

as a request to apply the refund to the next "open estimated tax account." *See* OAR 150-316-0480 (procedure for applying overpayments). By the time Plaintiffs filed their return for tax year 2019, Defendant no longer considered tax year 2020 an "open estimated tax account." Defendant, therefore, instead applied the tax year 2019 overpayment (as reduced for interest and late filing penalties) to the tax year 2021 estimated tax account, which apparently was still "open" when Plaintiffs filed their 2019 return on January 20, 2021.

2. *November 5, 2021: Defendant issues notice of proposed refund adjustment and statement of account for tax year 2020.*

On November 5, 2021, Defendant informed Plaintiffs of the change to the application of their tax year 2019 overpayment by sending two documents. First, Defendant issued a notice of proposed refund adjustment for tax year 2020, as Plaintiffs had reported the overpayment as a credit or payment on their tax year 2020 return. On page one of that notice appears an "Explanation of Adjustments Made" that consists of the following table, apparently organized according to the lines on the Oregon personal income tax return form:

| Line | Description | Original | Adjusted |
|------|-------------|----------|----------|
| 31. | Amount applied from your prior year's tax refund | $63,237.00 | $0.00 |
| | We adjusted the amount of any prior year's refund you applied to your 2020 estimated tax to reflect the amount we have on record. If we adjusted your applied refund, you need to use the adjusted amount. To view your estimated payments, register for Revenue Online at www.oregon.gov/dor. (ORS 316.583) | | |

The second document Defendant sent on November 5, 2021, was a statement of account. It purports to "provide a summary of your accounts and any amounts owed and includes penalties, fees and interest." It states, however, that "the amount [owed] doesn't include balances you've appealed." Similarly, the following sentence appears on the next page: "Debts you've appealed are shown on the statement but aren't included in the balance due." The statement includes a table that shows the following:

| Period Ending | Tax | Penal-ties/Fees | Inter-est | Refund/Offset | Credit | Balance |
|---|---|---|---|---|---|---|
| Dec 31, 2016 | $44,868.00 | $7,223.40 | $7,975.06 | $0.00 | -$22,003.00 | $0.00 |
| You appealed this period's financials. The balance won't be displayed until your appeal has been resolved. | | | | | | |
| Dec 31, 2020 | $260,276.00 | $0.00 | $193.69 | $0.00 | -$250,000.00 | $10,469.69 |
| | | | | | | **$10,469.69** |

On November 23, 2021, while awaiting a decision from the magistrate for tax year 2016, counsel for Plaintiffs sent a letter to Defendant, stating:

"I am enclosing a copy of the Notice of Proposed Refund Adjustment applying an overpayment made by the taxpayers for the year ending December 31, 2020. The taxpayer's Oregon liability for 2016 is pending in the Oregon Tax Court. This matter was tried and no decision has yet been entered by the Court. If any of the overpayment for the year ending December 31, 2020, has been applied to the 2016 tax year, it has been done in error."

3.  *Resolution of Tax Year 2020*

On December 8, 2021, the Department issued a notice of assessment for tax year 2020, along with a statement of account that included the following:

| Period Ending | Tax | Penal-ties/Fees | Inter-est | Refund/Offset | Credit | Balance |
|---|---|---|---|---|---|---|
| Dec 31, 2016 | $44,868.00 | $7,223.40 | $8,155.17 | $0.00 | -$22,003.00 | $0.00 |
| You appealed this period's financials. The balance won't be displayed until your appeal has been resolved. | | | | | | |
| Dec 31, 2020 | $260,276.00 | $513.80 | $230.86 | $0.00 | -$250,000.00 | $11,020.66 |
| | | | | | | **$11,020.66** |

On or about January 24, 2022, Plaintiffs appealed in the Magistrate Division from the tax year 2020 assessment. On February 17, 2022, Defendant issued a "written objection determination" in reference to the November 23, 2021, letter from Plaintiffs' counsel, stating that Defendant had "moved" Plaintiffs' tax year 2019 refund from tax year 2021 to tax year 2020, and that their tax year 2020 account

"is paid in full." On March 17, 2022, the magistrate presiding over the tax year 2020 appeal held a case management conference at which the parties confirmed the terms of an agreement, and the magistrate issued a judgment of stipulation the same day.

## III.   ISSUE

Must the court dismiss Plaintiffs' complaint for lack of jurisdiction pursuant to ORS 305.419?

## IV.   ANALYSIS

Despite the length of the factual narrative above, the initial analysis in this case is straightforward. Subject to exceptions not relevant here, ORS 305.419(1) requires that,

> "in any appeal from an order, act, omission or determination of the Department of Revenue involving a deficiency of taxes imposed upon or measured by net income, the tax assessed, and all penalties and interest due, shall be paid to the department *on or before the filing of a complaint* with the regular division of the Oregon Tax Court ***."

(Emphasis added.) The Oregon Supreme Court has held that the requirement to pay the assessment on or before the filing of the complaint is jurisdictional. *Leffler Industries v. Dept. of Rev.*, 299 Or 481, 485-86, 704 P2d 97 (1985); *cf. Scott v. Dept. of Rev.*, 358 Or 795, 806, 370 P3d 844 (2016) (failure to file hardship affidavit under *former* ORS 305.419(3) (2011) not jurisdictional). The court must dismiss an appeal if the requirement to pay is not satisfied.

In this case, Plaintiffs do not dispute that they paid the tax year 2016 assessment on June 7, 2022. That was nearly four months after they filed their complaint on February 10, 2022. Plaintiffs failed to comply with the plain requirement in ORS 305.419(1).

## A.   *Parties' Arguments*

Plaintiffs assert the following as their written response to Defendant's motion:

> "George Mack believed that the jurisdictional requirement and the payment of the tax had been met when the Complaint was filed with the Regular Division of the Oregon Tax

Court. The overpayment on the Plaintiff's Oregon income tax return for 2020 in the amount of $63,237.00 was still held by the Department of Revenue. See correspondence of November 5, 2021 attached."

The sole attachment to Plaintiffs' response is the November 5, 2021, notice of proposed refund adjustment.

At oral argument, Plaintiffs' counsel added that the approximately $63,000 overpayment was being "held by the Department," as indicated in the November 5, 2021, correspondence from the Department.

1.  *Plaintiffs' main argument: the 2016 assessment was paid because Defendant held sufficient funds from Plaintiffs to pay it.*

The court understands Plaintiffs to argue primarily that the fact that Defendant held an overpayment from tax year 2019 suffices as proof that all amounts assessed for tax year 2016 had been paid. The court rejects this argument as a matter of law. The tax year 2016 assessment has been under appeal in a division of this court continuously since September 29, 2020, a period that encompasses the filing of Plaintiffs' 2019 return (January 20, 2021) through the date Defendant "moved" the tax year 2019 overpayment from tax year 2021 to tax year 2020 (February 17, 2022). As Defendant's counsel has pointed out, ORS 305.565(1) provides that "proceedings for the collection of any taxes, interest or penalties resulting from an assessment of additional taxes imposed by ORS chapter 118, 310, 314, 316, 317, 318, 321 or this chapter shall be stayed by the taking or pendency of any appeal to the tax court." Interpreting this statute, Defendant's rule states: "The department will offset a refund to assessed accounts, *unless the taxpayer has a currently pending appeal of the assessment*." OAR 150-314-0248(2) (emphasis added). Defendant states in its reply brief: "the department would be prohibited from applying any amount of overpayment from the 2019 tax year toward the Macks' tax year 2016 liability while their case was before the Magistrate Division."[2] Accordingly, whatever authority

---

[2] Defendant, as an executive agency with rulemaking authority, generally "is bound to follow" its own rule. *Realty Group v. Dept. of Rev.*, 299 Or 377, 382 n 3, 702 P2d 1075 (1985).

Defendant might generally have to use an overpayment to satisfy a different year's assessment did not apply in this case because the tax year 2016 assessment was under appeal.

2. *Plaintiffs' argument that 2019 overpayment had been "designated" for 2016 assessment.*

At one point in oral argument, Plaintiffs' counsel stated that the $63,000 overpayment "had been designated to apply specifically to the 2016 tax year." Assuming that Plaintiffs refer to a "designation" by Defendant, the court concludes that "no objectively reasonable" finder of fact could so determine based on the record before the court.[3] *See* TCR 47 C.

The court starts with the November 5, 2021, notice of proposed refund adjustment attached to Plaintiffs' response. This document nowhere mentions tax year 2016. The court again reprints the table from page one of the notice, which appears under the overall heading "Period ending: December 31, 2020":

| Line | Description | Original | Adjusted |
|------|-------------|----------|----------|
| 31. | Amount applied from your prior year's tax refund | $63,237.00 | $0.00 |
| | We adjusted the amount of any prior year's refund you applied to your 2020 estimated tax to reflect the amount we have on record. If we adjusted your applied refund, you need to use the adjusted amount. To view your estimated payments, register for Revenue Online at www.oregon.gov/dor. (ORS 316.583) | | |

The court finds that the table shows that the amount of $63,237.00 "original[ly]" had been "applied from your prior year's tax refund" and that Defendant now proposed to apply "$0.00" of that amount to tax year 2020. It is true that nothing in the notice informs the reader what Defendant intends to do with the $63,237 overpayment from tax year 2019, but

---

[3] The court finds nothing in the record suggesting that *Plaintiffs* had "designated" the overpayment to apply to tax year 2016. If anything, they specifically directed the opposite, both on their return for tax year 2020 and on November 23, 2021, when their counsel wrote to Defendant: "If any of the overpayment for the year ending December 31, 2020, has been applied to the 2016 tax year, it has been done in error."

the notice certainly does not "designate" the $63,237.00 to apply to tax year 2016.

The court turns to the accompanying November 5, 2021, statement of account, which *does* mention 2016, in the following table again reprinted here:

| Period Ending | Tax | Penal-ties/Fees | Inter-est | Refund/Offset | Credit | Balance |
|---|---|---|---|---|---|---|
| Dec 31, 2016 | $44,868.00 | $7,223.40 | $7,975.06 | $0.00 | -$22,003.00 | $0.00 |
| You appealed this period's financials. The balance won't be displayed until your appeal has been resolved. | | | | | | |
| Dec 31, 2020 | $260,276.00 | $0.00 | $193.69 | $0.00 | -$250,000.00 | $10,469.69 |
| | | | | | | $10,469.69 |

The table is not easy to follow. It refers to two periods (tax year 2016 and tax year 2020). A notation, which appears between the two, does not refer to either period by date, but instead indicates that the taxpayer has filed an appeal for "this period[]." The notation adds that "[t]he balance won't be displayed until your appeal has been resolved." Yet an amount with a dollar sign appears in each cell of the "Balance" column—the "Balance" displayed for tax year 2016 is "$0.00." The notation also refers to an "appeal" of "financials," a concept foreign to the court.[4]

However, read in the context of the facts in evidence, as well as applicable law, the November 5, 2021, notice and statement stop well short of any affirmative representation or "designation" that Defendant had applied the tax year 2019 overpayment to tax year 2016. An objectively reasonable factfinder would conclude that the reference to an "appeal" in the table in the statement of account could refer only to tax year 2016 because that was the only year for which Plaintiffs had lodged any kind of dispute as of November 5, 2021. And when read in awareness of ORS 305.565(1) and OAR 150-314-0248(2), the zero "Balance" in the row for tax year 2016 reasonably refers to the requirement to stay collection for

---

[4] Income taxpayers may appeal from an act or omission of Defendant, typically the issuance of a notice of assessment or other "order or determination." *See* ORS 305.275(1). An "appeal" of "financials" does not make sense.

that year. This reading is further supported by the sentence "Debts you've appealed are shown on the statement but aren't included in the balance due." Finally, the first page provides that the statement is "a summary of your accounts and any amounts owed," supporting the interpretation that information for two tax years (2016 and 2020) appears by coincidence, simply because those are the two years for which Defendant claims an amount due from Plaintiffs. The court finds nothing in the November 25, 2021, documents supporting a reasonable inference that the 2019 overpayment had been applied to the tax year 2016 assessment.

B.   *Remaining Arguments*

The court briefly addresses two final points.

Plaintiffs' written response represents that "George Mack believed that the jurisdictional requirement and the payment of the tax had been met when the Complaint was filed with the Regular Division of the Oregon Tax Court." Defendant correctly points out that this representation is not supported by a declaration, affidavit or other evidence. Defendant also argues that in any event the subjective belief of either Plaintiff as to whether the tax had been paid is not relevant. Defendant's argument also is correct. The statute imposing the payment requirement does not require that the plaintiff subjectively believe that the tax has been paid. It requires that the tax "shall be paid to the department on or before the filing of a complaint with the regular division of the Oregon Tax Court * * *." ORS 305.419(1).

Finally, although Plaintiffs have not argued that their June 7, 2022, payment of the 2016 tax year assessment was timely under COVID-related extensions of deadlines, Defendant correctly points out that the "suspended appeal period" expired approximately one week before Plaintiffs paid the assessment and thus cannot change the court's conclusion. Chief Justice Order No. 20-027, (July 21, 2020); Executive Order No. 22-03 (Mar 17, 2022).)

## V.   CONCLUSION

The court will dismiss Plaintiffs' complaint because Plaintiffs failed to comply with the requirement under ORS

305.419(1) to ensure that "the tax assessed, and all penalties and interest due, shall be paid to the department on or before the filing of a complaint * * *." Plaintiffs cite no authority that would have allowed Defendant to offset the overpayment from tax year 2019 to satisfy the assessment for tax year 2016 while the latter year was under appeal. Nor would the record allow an objectively reasonable factfinder to conclude that Defendant did so. The requirement under ORS 305.419(1) to ensure that the assessment is paid does not depend on the filer's subjective belief. Plaintiffs' assumption that their assessment had been or would be paid by offset from a refund owed for another tax year was unwarranted. In accordance with the foregoing, now, therefore,

IT IS ORDERED that Defendant's Motion for Summary Judgment is granted.