Argued and submitted November 17, judgment of Tax Court affirmed
December 30, 2022

Grant E. PICKER
and Patricia A. Picker,
*Appellants,*

*v.*

DEPARTMENT OF REVENUE,
*Respondent.*

(TC 5428) (SC S069235)

523 P3d 109

Taxpayers appealed to the Tax Court from the Department of Revenue's assessment of income tax. A taxpayer who appeals such an order ordinarily must prepay the disputed amount to the department, but ORS 305.419(3) creates an exception when payment by the taxpayer would constitute an undue hardship. Taxpayers moved to stay the payment, but the Tax Court found their supporting affidavit insufficiently detailed and required them to produce additional documentation. When taxpayers failed to provide the documentation or to pay the assessed tax, the Tax Court dismissed the appeal. Taxpayers appealed the dismissal to the Supreme Court. *Held*: (1) The Tax Court had found that taxpayers had failed to establish undue hardship, and so dismissal was justified; and (2) the Tax Court did not err in interpreting "undue hardship" in the statute to mean financial hardship.

The judgment of the Tax Court is affirmed.

On appeal from the Oregon Tax Court.

Robert T. Manicke, Judge.

David E. Smith, Spooner & Much, PC, Salem, argued the cause and filed the briefs for appellants.

Patrick L. Rieder, Assistant Attorney General, Salem, argued the cause for respondent. Inge D. Wells, Assistant Attorney General, filed the brief. Also on the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, Darren Weirnick, Assistant Attorney General, and Patrick L. Rieder, Assistant Attorney General.

Before Balmer, Flynn, Duncan, Nelson, Garrett, and DeHoog, JJ.*

_____
* Walters, C.J., did not participate in the consideration or decision of this case.

BALMER, J.

The judgment of the Tax Court is affirmed.

**BALMER, J.**

This appeal presents the question whether the Oregon Tax Court erred when it dismissed taxpayers' appeal for failure to either pay an assessed income tax or show that doing so would constitute an undue hardship. ORS 305.419. For the reasons that follow, we affirm.

Under ORS 305.419, a taxpayer seeking to appeal a determination of income tax deficiency to the Regular Division of the Tax Court must, on or before filing a complaint seeking a refund, pay the amount assessed by the Department of Revenue (department), plus interest and penalties. ORS 305.419(1).[1] The prepayment requirement does not apply, however, if the taxpayer shows that paying the tax would constitute an "undue hardship." ORS 305.419(3).

The Department of Revenue assessed taxpayers $5,595 for deficient taxes, plus additional penalties and interest, for tax year 2013. Taxpayers first appealed that determination to the Magistrate Division of the Tax Court. While the case was pending there, the parties jointly moved to hold the proceedings in abeyance pending the outcome of an Internal Revenue Service audit reconsideration. The parties also entered into an agreement extending the limitation period for the department to make "any adjustment necessary to arrive at the correct amount of Oregon taxable income and Oregon tax liability." The limitation period expired April 30, 2019, and no new or modified assessment was sent.

After the Magistrate Division proceedings were reinstated, taxpayers contended that the extension agreement voided the original assessment, and so the absence of a new assessment meant the court should grant summary judgment in their favor. The department countered that the original assessment remained valid and in effect. The magistrate agreed with the department and denied taxpayers' motion, and later denied taxpayers' two motions for reconsideration.

---

[1] To the extent that a taxpayer ultimately succeeds before the Tax Court, the department must refund the appropriate amount with interest. ORS 305.419(4).

After taxpayers repeatedly refused to comply with the department's request for production of documents, the department moved to dismiss. The magistrate granted that motion, and taxpayers appealed that decision by filing a complaint with the Tax Court Regular Division.

Taxpayers' complaint sought relief from the 2013 assessment of deficient income taxes.[2] Included with the complaint was a motion by taxpayers to stay the statutory requirement to pay the deficiency, together with an affidavit regarding their finances to support their claim that payment would impose an undue hardship. *See generally* ORS 305.419(3) (taxpayer may seek stay of duty to pay tax and penalties by filing affidavit alleging undue hardship); Tax Court Rule (TCR) 18 C(3) (setting out procedures for undue hardship claim); *see also* TCR 18 C(3)(a) (affidavit must "set[ ] forth the specific facts and circumstances which establish undue hardship"). The affidavit included taxpayers' claimed account balances for certain loans, but omitted much of the information required by the Tax Court's form affidavit. The department objected to a stay. *See* TCR 18 C(3)(b) (authorizing objections).

The Tax Court then entered an order stating its finding that "additional proof is required to enable the court to decide" whether payment would be an undue hardship. *See* TCR 18 C(3)(b) (providing that, if "the court cannot determine from the plaintiff's affidavit whether payment of the tax *** would be an undue hardship, the court may require the plaintiff to submit further proof of hardship in writing"). The order listed the additional documents that the taxpayers would need to file (bank statements, loan documents, credit card statements, etc.), and the court gave taxpayers until December 15, 2021—roughly 45 days—to do one of the following:

"either (1) file with the court and serve on [the department] the new, supplemental Affidavit of Income, Assets, and Expenses, with all attached copies and statements; or (2) pay to [the department] the amount of tax, penalties and interest assessed. If this deadline is not met, the court

---

[2] Taxpayers also sought relief from a 2014 assessment. The Tax Court dismissed that claim without prejudice, and it is not at issue here.

will entertain a motion by [the department] to dismiss [tax-payers'] appeal."

(Footnote omitted.)

Taxpayers neither submitted the documentation nor paid the assessment. They instead asked the court to rule on the merits before addressing their motion to stay, adding that they believed that the department had treated them unfairly.

On December 14, 2021, the department sent the Tax Court a letter asking the court, in the event that taxpayers failed to submit the required additional documentation, to "'find no undue hardship'" and dismiss their complaint with prejudice.

On December 22, 2021, the Tax Court entered the order of dismissal at issue here. Construing the depart-ment's December 14 letter as a motion to dismiss, the court ordered:

> "The court finds that [taxpayers] have failed to comply with the court's [prior] Order because they have neither provided the listed financial substantiation nor paid any tax, penalty or interest assessed for tax year[] 2013 ***.

> "As to tax year 2013, the court will grant [the depart-ment's] December 14 motion to dismiss in part and deny the motion in part. The court will grant the motion to the extent of dismissing the appeal of tax year 2013 with immediate effect. *** The court's [prior] Order directed [taxpayers] to exercise one of two options on or before December 15, 2021, and [taxpayers] did not avail themselves of either one. The court will dismiss [taxpayers'] complaint as to tax year 2013 with prejudice."

The Tax Court later entered judgment accordingly.

Taxpayers have now appealed to this court. ORS 305.445. "The scope of the review" of the Tax Court's deci-sion is "limited to errors or questions of law or lack of sub-stantial evidence in the record to support the tax court's decision or order." *Id*.

The legislature has expressly required that—subject to a limited exception—a taxpayer appealing an income tax

issue to the Regular Division must first pay the department the disputed amount. ORS 305.419(1) provides, in part:

> "Except as provided in subsection (3) of this section, in any appeal from an order, act, omission or determination of the Department of Revenue involving a deficiency of taxes imposed upon or measured by net income, *the tax assessed, and all penalties and interest due, shall be paid to the department on or before the filing of a complaint* with the regular division of the Oregon Tax Court under ORS 305.560[.] \*\*\* The complaint shall be filed as a claim for refund."

(Emphasis added.) The required payment is mandatory and jurisdictional unless the exception set out in subsection (3) applies. *Id*. (the tax assessed "shall be paid"); *see Leffler Industries v. Dept. of Rev.*, 299 Or 481, 486, 704 P2d 97 (1985) ("The legislature clearly stated [in ORS 305.419] that the payment of the tax due was a prerequisite to the Tax Court's ability to hear the case.").

The exception is when a taxpayer shows that payment would cause undue hardship. ORS 305.419(3) provides:

> "*Where payment of the tax, penalty and interest would be an undue hardship*, plaintiff may file an affidavit alleging undue hardship \*\*\*. A plaintiff's failure to file an affidavit alleging hardship is not grounds for dismissal of the complaint, provided the plaintiff files the affidavit within 30 days after receiving notice of lack of an affidavit alleging undue hardship from the court. If the tax court finds undue hardship, the tax court judge may stay all or any part of the payment of tax, penalty and interest required under subsection (1) of this section. If the tax court judge finds no undue hardship, the tax court judge may grant the plaintiff up to 30 days from the date of determination to pay the tax, penalty and interest. *Failure by the plaintiff* to pay the tax, penalty and interest or *to establish undue hardship* will be cause for dismissing the complaint."

(Emphases added.)

Taxpayers initially contend that the Tax Court did not follow ORS 305.419(3) when it dismissed their complaint. In taxpayers' view, the Tax Court cannot dismiss without expressly and affirmatively finding that there was

no undue hardship. Taxpayers did not preserve the issue, but they contend that the error is apparent on the face of the record.

We are not persuaded by taxpayers' interpretation of the statute. As a matter of law, the burden of proof to "establish undue hardship" lay on the taxpayers. Absent payment, it is a taxpayer's "[f]ailure *** to establish undue hardship" that justifies dismissal. *Id*.

Here, the Tax Court reviewed taxpayers' motion and affidavit in support of their claim of undue hardship. The court explained its questions about taxpayers' finances and required them either to submit additional documentation—which it specifically identified—or to pay the assessed taxes, penalties, and interest as required by ORS 305.419(1).

In reviewing the Tax Court's decision, we presume that it made findings of fact consistent with its resolution of the case. *See, e.g.*, *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993) ("If findings of historical fact are not made on all pertinent issues and there is evidence from which such facts could be decided more than one way, we will presume that the facts were decided in a manner consistent with the court's ultimate conclusion."). By requiring taxpayers to submit additional documentation, the Tax Court necessarily found that taxpayers' existing documentation failed to establish undue hardship. If taxpayers had shown undue hardship, then the court would not have needed additional documentation. Taxpayers do not assert that the court lacked substantial evidence to make that finding.

Because the Tax Court found that taxpayers had "[f]ail[ed] *** to establish undue hardship," and because it is undisputed that taxpayers did not pay the assessed taxes, penalties and interest, the court's decision dismissing their complaint was justified. ORS 305.419(3).

Taxpayers alternatively argue that the Tax Court erred in limiting its consideration of "undue hardship" to *financial* hardship. They seek a more expansive interpretation of that term, one that equates undue hardship with any "morally wrong" suffering. In their view, the department had committed to reassess the tax by a certain date but failed

to do so, and thus taxpayers maintain that the department "violat[ed] its promise" and "treated [them] unfairly." That, they contend, constitutes an undue hardship independent of any impact on their finances.

We need not determine the exact scope of the term "undue hardship," however, because the statutory context shows that the legislature referred only to financial hardship that would be caused by payment of the assessed tax. ORS 305.419(3) does not refer to "undue hardship" in the abstract; rather, it requires that "*payment* of the tax \*\*\* would be an undue hardship." (Emphasis added.) *See also* TCR 18 C(3)(b) (plaintiff's affidavit must show that "*payment of the tax* \*\*\* would be an undue hardship" (emphasis added)). Undue hardship must result from making that payment. We conclude that the Tax Court correctly declined to adopt a more expansive meaning for that term. And, it follows, the Tax Court did not err in dismissing taxpayers' complaint.

The judgment of the Tax Court is affirmed.